OPINION
{¶ 1} Defendant-appellant Terry L. Trushel ("Trushel") brings this appeal from the judgment of the Municipal Court of Tiffin finding him guilty of possession of drug paraphernalia.
 {¶ 2} On October 21, Trushel was charged with possession of drug paraphernalia. He was arraigned on October 25, 2004, and appeared without counsel. Trushel entered a plea of no contest to the charge and was immediately found guilty. The trial court sentenced Trushel to 30 days in jail with 27 days suspended, a $50 fine, a six month's Ohio operator's license suspension, and one year of non-reporting community control. Trushel appeals the finding of no contest and raises the following assignment of error.
The trial court erred in failing to advise [Trushel] of his rightsunder the United States Constitution and Ohio Criminal Rule 11(C).
 {¶ 3} Trushel was charged with a fourth degree misdemeanor which carries a maximum jail term of 30 days. Thus, this misdemeanor is considered a petty offense because the maximum term of confinement is less than six months. Crim.R. 2. Criminal Rule 11 sets forth the requirements for accepting pleas.
In misdemeanor cases involving petty offenses, the court may refuse toaccept a plea of guilty or no contest, and shall not accept such pleawithout first informing the defendant of the effect of the pleas ofguilty, no contest, and not guilty. Crim.R. 11(E). The "effect of a no contest plea" is defined as informing the defendant that the plea "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceedings." Crim.R. 11(B)(2).
 {¶ 4} In this case, the trial court conducted a mass arraignment hearing and informed all parties as follows.
You may plead no contest, which is not an admission of guilt, but is anadmission of the truth of the facts as alleged in the citation or thecomplaint. Unlike the other pleas, a plea of no contest can't be usedagainst you in any other civil or criminal proceeding.
* * *
Now before you enter a plea, you should be informed that you have aright to hire an attorney even if you intend to plead guilty or nocontest at a later time. * * *
 For any case for which you could be imprisoned you have a right to havean attorney assigned to represent you, if you can demonstrate that youcannot afford to hire one.
 You have a right to remain silent at any point in this proceeding and,any statement that you make can an may be used against you.
 You have a right to a trial by jury, except in minor misdemeanorscases. But, in order to do that you must file with the court a writtendemand for a jury trial within the proper time limit.
Tr. 3-4. The trial court then addressed Trushel individually.
The Court: Okay. Drug paraphernalia?
 Mr. Trushel: Right.
 The Court: Do you understand what the maximum possible penaltyfor that offense is?
 Mr. Trushel: Yeah. Yeah.
 The Court: What is it? I'm asking you.
 Mr. Trushel: Well, not exactly. But I just heard it, you know,it's what five, uh, five years?
 The Court: It's up to a $250 fine.
 Mr. Trushel: Right.
 The Court: Thirty days in jail.
 Mr. Trushel: Yeah.
 The Court: Uh, 30 or, uh, 30 day operator's license suspensionand a permanent weapons disability. Any questions about that?
 Mr. Trushel: No.
 The Court: All right. Were you present, uh, when I came out originallyand went over your rights in court:
 Mr. Trushel: Yes sir.
 The Court: Did you understand those rights as I explained them?
 Mr. Trushel: Yes sir.
 The Court: Any questions about the charge, the penalty, or what yourplea options are?
 Mr. Trushel: No, sir.
 The Court: What would you like to do?
 Mr. Trushel: No contest.
 The Court: And you understand by your entering a plea of no contestyou're admitting the truth of the facts as alleged on the face of theticket, or in the complaint?
 Mr. Trushel: Yes, sir.
 The Court: And, you understand what the maximum possible penaltiesare?
 Mr. Trushel: Right.
 The Court: At this time, I'll accept your pleas of no contest.
Tr. 7-8. The trial court clearly explained the effect of the no contest plea prior to accepting the plea. Thus, the trial court fully complied with the requirements of Crim.R. 11(E). The assignment of error is overruled.
 {¶ 5} The judgment of the Municipal Court of Tiffin is affirmed.
Judgment Affirmed.
 Cupp, P.J., concurs.
 Rogers, J., concurs in Judgment Only.