THE STATE OF OHIO, APPELLANT, *v.* JONES, APPELLEE.

[Cite as *State v. Jones,* 116 Ohio St.3d 211, 2007-Ohio-6093.]

(Nos. 2006–1606 & 2006–1851—Submitted June 5, 2007—Decided November 21, 2007.)

LANZINGER, J.

{¶ 1} In this case, we are asked to clarify the trial judge's duties under Crim.R. 11 when accepting a plea in a misdemeanor case involving a petty offense. The Seventh District Court of Appeals certified a conflict, which we accepted along with the state's discretionary appeal. We reverse the judgment of the court of appeals and remand for consideration of the second assignment of error.

## I. Case Background

{¶ 2} Appellee, Joseph Jones Sr., was charged with three counts of domestic violence for allegedly hitting his fiancee's children with a bug zapper. Two days before trial, Jones filed a motion to dismiss, arguing that R.C. 2919.25 was unconstitutional after the passage of Section 11, Article XV of the Ohio Constitution. On the day of his trial in the Mahoning County Court, Jones entered a plea of guilty to one count of domestic violence, a first-degree misdemeanor. The trial court sentenced him to 180 days in jail with 170 days suspended, a $ 150 fine plus jury costs, and 12 months of probation.[1] Jones was ordered to begin serving his sentence that same day.

{¶ 3} Two weeks later, Jones filed a motion to withdraw his guilty plea, pursuant to Crim.R. 32.1. Jones also appealed his conviction and filed a motion to stay the balance of his sentence pending appeal. The court of appeals issued a limited remand for the trial court to rule on the motion to withdraw the guilty plea; after the trial court held a hearing and denied the motion, Jones filed a second notice of appeal.

{¶ 4} Jones argued to the Seventh District Court of Appeals that because the trial court failed to inform him of the effect of the plea of no contest as required by Crim.R. 11(E), he was unaware that he could have challenged on appeal the validity of the domestic violence statute if he had pleaded no contest instead of guilty. He further contended that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. The Seventh District ruled that because the trial court never informed him of the effect of his guilty plea or the

---

1. As conditions of his probation, Jones was to report, attend anger management classes, and undergo a psychological evaluation with counseling, if needed.

effect of a no contest plea, Jones "did not enter his plea knowing, voluntarily, and intelligently." *State v. Jones,* 7th Dist. No. 05–MA–69, 2006-Ohio-3636, 2006 WL 1976224, ¶ 48. The court of appeals reversed the trial court's judgment, vacated the plea, and remanded to the trial court for further proceedings. Id. at ¶ 52. The appellate court determined that the assignment of error regarding the motion to withdraw the plea was moot. Id. at ¶ 51.

{¶ 5} The Seventh District certified its decision as being in conflict with the Tenth District's decision in *State v. Horton–Alomar,* 10th Dist. No. 04AP–744, 2005-Ohio-1537, 2005 WL 736229, and the Second District's decision in *State v. Raby,* 2d Dist. No. 2005–CA–88, 2005-Ohio-3741, 2005 WL 1707027, cases in which it was held that a trial court substantially complies with Crim.R. 11(E) by notifying a defendant of the maximum penalties that could result from the defendant's plea of guilty and the waiver of the right to a jury trial that results from the plea. We accepted the state's discretionary appeal and the certified conflict as follows: "Whether a trial court complies with Crim.R. 11(E) by simply notifying a defendant of the effect of his/her plea as set out in Crim.R. 11(B) or whether the trial court complies with Crim.R. 11(E) by notifying a defendant of the maximum penalties that could result from a plea and that the defendant waives his/her right to jury trial by entering a plea, but does not notify a defendant of the effect of his/her plea." *State v. Jones,* 111 Ohio St.3d 1489, 2006-Ohio-6171, 857 N.E.2d 1228. Rephrased, the issue asks how a court accepts a plea to a petty misdemeanor, or more specifically, how a court informs a defendant of the "effect of a plea," pursuant to Crim.R. 11(E).

## II. Legal Analysis

### Crim.R. 11

{¶ 6} A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading. *State v. Watkins,* 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25. Crim.R. 11 governs the entering of pleas. Subsection (A) explains the types of pleas available: "A defendant may plead not guilty, not guilty by reason of insanity, guilty or, with the consent of the court, no contest." [2]

{¶ 7} Crim.R. 11(B) explains the meaning of the various pleas:

{¶ 8} "With reference to the offense or offenses to which the plea is entered:

{¶ 9} "(1) The plea of guilty is a complete admission of the defendant's guilt.

---

2. Thus, there is no absolute right to enter a no contest plea. The court may also refuse to accept a plea of guilty or no contest, as Crim.R. 11(G) acknowledges: "If the court refuses to accept a plea of guilty or no contest, the court shall enter a plea of not guilty on behalf of the defendant."

{¶ 10} "(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 11} Crim.R. 11 sets forth distinct procedures, depending upon the classification of the offense involved. For a petty offense, defined in Crim.R. 2(D) as "a misdemeanor other than [a] serious offense," the court is instructed that it "may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Crim.R. 11(E). If the misdemeanor charge is a serious offense, meaning that the prescribed penalty includes confinement for more than six months, Crim.R. 2(C), the court shall not accept a guilty or no contest plea "without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily." Crim.R. 11(D).

{¶ 12} The procedure set forth in Crim.R. 11(C)(2) for felony cases is more elaborate than that for misdemeanors. Before accepting a guilty plea in a felony case, a "trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph one of the syllabus. In addition to these constitutional rights, the trial court is required to determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea. Crim.R. 11(C)(2)(a) and (b).

{¶ 13} As we summarized and explained in *Watkins*, "[i]n all cases, the judge must inform the defendant of the effect of his plea. In felony cases and misdemeanor cases involving serious offenses, a judge must also 'addres[s] the defendant personally' and 'determin[e] that the defendant is making the plea voluntarily.'" 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 26, quoting Crim.R. 11(C)(2)(a).

{¶ 14} Jones entered a plea of guilty to a charge of domestic violence, a first-degree misdemeanor in violation of R.C. 2919.25(D)(2), which is subject to a maximum sentence of 180 days. R.C. 2929.24(A)(1). Because the plea was entered to a petty offense, the trial court was required, pursuant to Crim.R. 11(E), to inform Jones of the effect of his plea. Interpretation of the phrase "effect of the plea" is our concern.

### Rules of Construction as Applied to Crim.R. 11(E)

{¶ 15} Jones maintains that because he was not told of the effect of both a guilty and a no contest plea by the court, his guilty plea was invalid. He advances this

novel interpretation of the wording in the last line of Crim.R. 11(E), which requires the court to inform a defendant "of the effect of the plea of guilty, no contest, *and* not guilty." (Emphasis added.) In Jones's view, the court was required to recite both Crim.R. 11(B)(1) and (2) before taking his guilty plea.

{¶ 16} The rules of construction set forth in the Ohio Revised Code are helpful on this point. R.C 1.02(F) provides that " '[a]nd' may be read 'or,' and 'or' may be read 'and' if the sense requires it." This rule operates to avoid inadvertent consequences when logic demands. See *Ramage v. Cent. Ohio Emergency Servs., Inc.* (1992), 64 Ohio St.3d 97, 105, 592 N.E.2d 828 (reading "or" as "and" to allow other next-of-kin to recover damages for mental anguish and loss of society even though a decedent was survived by a spouse, parent, or child); *Euclid v. Moore* (Dec. 9, 1999), 8th Dist. No. 75143, 1999 WL 1129580 (reading "and" as "or" in list of conduct within ordinance that prohibited the disruption of school activities); *State v. Hurd* (May 4, 1999), 10th Dist. Nos. 96APA03–326, 96APA03–327, 96APA03–328, 1999 WL 281305 (substituting "or" for "and" in the last clause of R.C. 1707.44(C)(1), in which the sale of *any* security not listed was prohibited); *State v. Kenmore Demolition Co.* (1972), 34 Ohio App.2d 19, 20, 63 O.O.2d 18, 295 N.E.2d 416 (reading "and" as "or" in an ordinance prohibiting "dumping of refuse or waste matter and the burning of such," to avoid one person's dumping and another's burning the same refuse); *Toledo v. Bernoir* (1969), 18 Ohio St.2d 94, 99–100, 47 O.O.2d 241, 247 N.E.2d 740 (reading "or" as "and" to require a security deposit from both the driver and the owner of a motor vehicle pursuant to the Ohio Financial Responsibility Act).

{¶ 17} Common sense requires that "and" be read as "or" in Crim.R. 11(E). The court is expected to advise a defendant of the effect of "a plea" that is entered. In comparing the subsection to Crim.R. 11(C)(2), which relates to felony pleas, we note the word "or" is used rather than "and." The pertinent part of Crim.R. 11(C)(2) states that the court "shall not accept a plea of guilty *or* no contest without first addressing the defendant personally and doing all of the following:

{¶ 18} " * * *

{¶ 19} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty *or* no contest * * *." (Emphasis added.)

{¶ 20} For petty misdemeanors, Crim.R. 11(E) instructs the court that it "may refuse to accept *a plea* of guilty *or* no contest, and shall not accept such pleas without first informing the defendant of the effect of the *plea* of guilty, no contest, and not guilty." (Emphasis added.) The singular use of the word "plea" does not mean "all pleas" possible, but the single plea being entered—for which the court is to explain the effect. Reading "and" as "or" in the last line of

Crim.R. 11(E) is consistent with the remainder of the rule and also avoids a more stringent requirement for a court's acceptance of petty misdemeanors pleas than for felony pleas. See *Watkins,* 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25 ("A judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged. * * * The requirements placed upon a court take steady steps that culminate in Crim.R. 11(C)"). Therefore, we hold that in accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered. In this case, the trial court was required to inform Jones only of the effect of a guilty plea, the plea he entered.[3]

### The Effect of a Plea for Purposes of Crim.R. 11

{¶ 21} As we have already noted, whenever accepting a plea of guilty or no contest, the trial court is required to inform a defendant of the effect of the plea. Crim.R. 11(C)(2)(b), (D), and (E); Traf.R. 10(C) and (D). Several district courts of appeals use Crim.R. 11(B) to define the effect of the plea. See *State v. Beamer,* 5th Dist. Nos. 05CA011 and 05CA004, 2005-Ohio-7065, 2005 WL 3610334; *Toledo v. Mroczkowski,* 6th Dist. No. L–04–1338, 2005-Ohio-5742, 2005 WL 2838581; *State v. Steele,* 8th Dist. No. 85901, 2005-Ohio-5541, 2005 WL 2671414; *State v. Trushel,* 3rd Dist. No. 13–04–44, 2005-Ohio-3763, 2005 WL 1712892; *State v. Hackathorn,* 11th Dist. No. 2004–A–0008, 2004-Ohio-6694, 2004 WL 2860898.

{¶ 22} Although the state and amicus curiae acknowledge that informing the defendant of Crim.R. 11(B)(1) and (2) automatically satisfies the "effect of the plea" requirement, they argue that the requirement can also be satisfied by informing the defendant of the maximum sentence and the right to a jury trial. We disagree, for the three concepts are distinct. In accepting felony pleas, the trial court is required to inform the defendant of the maximum penalty involved, the effect of the plea, and the right to a jury trial, as well as other rights. Crim.R. 11(C)(2)(a) through (c). Thus, a statement about the effect of a plea is separate from statements relating to a maximum penalty and the right to jury trial. If we were to agree with the state and amicus, we would be giving the

---

3. Crim.R. 11(E) requires that a trial court inform the defendant of the effect of the plea before accepting a no contest or guilty plea. It does not, however, require that this information be necessarily given at the same hearing. The dissent fails to recognize that trial courts often conduct mass arraignment hearings in which defendants are informed of their constitutional rights as well as the effect of the plea of guilty, no contest, and not guilty. See, e.g., *State v. Trushel,* 3rd Dist. No. 13–04–44, 2005-Ohio-3763, 2005 WL 1712892; *State v. Lanton,* 2d Dist. No. 02CA124, 2003-Ohio-4715, 2003 WL 22064074; *State v. Maley,* 7th Dist. No. 01 CO 38, 2002-Ohio-5220, 2002 WL 31168844. The record in this case does not contain a transcript of Jones's arraignment hearing; therefore, we do not know whether he was advised at that time of the effect of the plea.

term "effect of the plea" different meanings for felony and misdemeanor cases. Crim.R. 11(C) and Crim.R. 11(E) do not support that result.

{¶ 23} Our previous cases suggest that Crim.R. 11(B), captioned "Effect of guilty or no contest pleas," actually defines the effect of the plea. In *Watkins*, the defendant contended that before the trial court accepted a no contest plea to a traffic charge, the court should have engaged him in a Crim.R. 11(C) colloquy about the effect of his plea. 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 6. We rejected any suggestion that the effect of the plea was defined by the requirements of Crim.R. 11(C)(2)(c). Id. at ¶ 27. After noting that Traf.R. 10(D) and Crim.R. 11(E) are nearly identical in all relevant respects, we stated that Traf.R. 10(B)(2) defined the effect of a no contest plea. Id. at ¶ 13–15. Thus, for a no contest plea, a defendant must be informed that the plea of no contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding. Traf.R. 10(B)(2); Crim. R. 11(B)(2).

{¶ 24} Similarly, in a case involving a felony guilty plea, we observed: "Crim.R. 11(B) * * * states that a plea of guilty 'is a complete admission of the defendant's guilt.' The information that a guilty plea is a complete admission of guilt, along with the other information required by Crim.R. 11, ensures that defendants enter pleas with knowledge of rights that they would forgo and creates a record by which appellate courts can determine whether pleas are entered voluntarily." *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 10–11.

{¶ 25} We hold, therefore, that to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B). In this case, before accepting a guilty plea to a misdemeanor for a petty offense, the court was required to inform Jones that a plea of guilty is a complete admission of guilt.

{¶ 26} We now must examine the record to see whether the trial court told Jones the effect of the guilty plea.

## The Colloquy

{¶ 27} Before accepting the guilty plea on the day of trial, the trial court engaged in the following colloquy with Jones:

{¶ 28} "THE COURT: First of all, do you understand that you do have a right to have a trial in this matter and the trial can be held in front of either a jury or a judge? Do you understand that?

{¶ 29} "MR. JONES: Yes.

{¶ 30} "THE COURT: As a matter of fact, you understand we're set for a trial by jury today and you saw the jurors out there ready to go forward; correct?

{¶ 31} "MR. JONES: Yes.

{¶ 32} "THE COURT: You understand that if you enter this plea that you are now giving up that right to the jury that you and your attorney demanded; do you understand that?

{¶ 33} "MR. JONES: Yes.

{¶ 34} "THE COURT: You understand that at that trial the State of Ohio would have been required to prove your guilt beyond a reasonable doubt. Do you understand that?

{¶ 35} "MR. JONES: Uh-huh.

{¶ 36} "THE COURT: You understand that at that trial you would have had the right to subpoena witnesses for you and the right to cross examine any against you. Understand that?

{¶ 37} "MR. JONES: Yes.

{¶ 38} "THE COURT: And you understand that at that trial you would have had the right to testify yourself or to remain silent, and had you chosen to remain silent that no one would have been allowed to comment on that fact. Do you understand that, sir?

{¶ 39} "MR. JONES: Yes.

{¶ 40} "THE COURT: Finally, you understand that by pleading guilty that you do put yourself on the mercy of the court regardless of what is in this plea agreement and that you could receive up to 180 days in the county jail today and a fine of up to $ 1,000 in court costs. Do you understand that?

{¶ 41} "MR. JONES: Yes.

{¶ 42} "THE COURT: Okay. Do you want to waive or give up those rights now and enter a plea of guilt to one count of domestic violence?

{¶ 43} " * * *

{¶ 44} "THE COURT: Is that what you want to do, sir?

{¶ 45} "MR. JONES: Yeah, I guess.

{¶ 46} "THE COURT: Well, you don't have to guess. You have to tell me. Only you know.

{¶ 47} "MR. JONES: Yes.

{¶ 48} "THE COURT: Okay. You've had the opportunity to discuss this with your attorney; correct?

{¶ 49} "MR. JONES: Yes."

{¶ 50} From the recitation on the record, we note that the trial court asked whether Jones understood that (1) he had a right to a bench or jury trial in which the state would bear the burden to prove his guilt beyond a reasonable doubt; (2)

he had the right to subpoena his own witnesses and cross-examine witnesses against him; (3) at trial, he could testify or remain silent, and his silence could not be used against him; (4) by pleading guilty, his maximum sentence could be up to 180 days in jail and a $1,000 fine, with costs; and (5) he gave up these rights to enter a plea of guilty to one count of domestic violence. The trial court also confirmed that Jones had discussed the plea with his lawyer. In sum, Jones was informed of the constitutional rights that he was waiving by entering a plea instead of proceeding with the scheduled trial, he was told the maximum penalty that could be imposed, and he was asked whether he understood what he was doing.

{¶ 51} Although Crim.R. 11(E) does not require the trial court to engage in a lengthy inquiry when a plea is accepted to a misdemeanor charge involving a petty offense, the rule does require that certain information be given on the "effect of the plea." Whether orally or in writing, a trial court must inform the defendant of the appropriate language under Crim.R. 11(B) before accepting a plea. Here, the language of Crim.R. 11(B)(1) is missing from the record. It was not contained in the colloquy or provided in written form to Jones.

### The Requirement to Show Prejudice

{¶ 52} "[F]ailure to comply with nonconstitutional rights [such as the information in Crim. R. 11(B)(1) ] will not invalidate a plea unless the defendant thereby suffered prejudice." *Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. The test for prejudice is "whether the plea would have otherwise been made." *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶ 53} Jones contends that he was not aware that he was forfeiting the right to challenge, on appeal, the constitutionality of the domestic violence statute after the passage of Section 11, Article XV of the Ohio Constitution.[4] However, Jones's motion to dismiss on that issue was pending at the time he entered his guilty plea. Instead of allowing the trial court to rule upon the motion to dismiss, or going forward with the jury trial that was scheduled to begin that morning, Jones signed a "Waiver of Rights Upon Plea" form, which stated, "I enter my Plea after being fully advised of the potential penalties that I face and the effect of entering a Plea of Guilty or No Contest." He also signed the judgment entry of conviction, which stated that he had waived the introduction of evidence and stipulated to a finding of guilty.

{¶ 54} Jones presented no evidence that at the time of his guilty plea, he claimed innocence. Under *Griggs,* any error by the trial court in failing to

---

4. We recently upheld the constitutionality of R.C. 2919.25 in *State v. Carswell,* 114 Ohio St.3d 210, 2007-Ohio-3723, 871 N.E.2d 547.

adequately inform him of the effect of his plea was not prejudicial, because Jones did not assert his innocence at the colloquy. He is, therefore, presumed to understand that a plea of guilty is a complete admission of guilt. 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19. At the plea hearing, his attorney explained why Jones was entering the guilty plea: "In order to spare this family any further grief he's agreed to enter this plea today and accept responsibility for his actions in this case." Jones also never asserted at the hearing that he wished to pursue the constitutional issue on appeal.

{¶ 55} We hold that, under the totality of the circumstances, Jones was aware that a plea of guilty was a complete admission of guilt and that he was not prejudiced by the trial court's failure to inform him of Crim.R. 11(B)(1).

### III. Conclusion

{¶ 56} "[A]lthough it can validly be argued that the trial court should adhere scrupulously to the provisions of [Crim.R. 11], there must be some showing of prejudicial effect before a guilty plea may be vacated." (Citations omitted.) *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163. In this case, Jones has not provided sufficient evidence to show prejudice from the trial court's failure to inform him that the plea of guilty was a complete admission of guilt. Nor was there any need for the trial court to inform Jones of the effect of a no contest plea when he entered a guilty plea.

{¶ 57} We therefore reverse the judgment of the Court of Appeals for Mahoning County. Because the Seventh District Court of Appeals did not address Jones's second assignment of error on his motion to vacate his guilty plea, we remand for consideration of that assignment of error.

Judgment reversed
and cause remanded.

PFEIFER and O'DONNELL, JJ., concur.

LUNDBERG STRATTON, J., concurs in part and dissents in part.

MOYER, C.J., and O'CONNOR and CUPP, JJ., dissent.

————

**LUNDBERG STRATTON, J., concurring in part and dissenting in part.**

{¶ 58} I concur in the reversal of the judgment of the court of appeals and the holding that in accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered. However, I dissent from the majority's holding in this case that the trial court failed to inform this defendant of the "effect of the plea" under Crim.R. 11(E).

{¶ 59} The trial court clearly informed the defendant of the consequences of his plea. The trial court informed the defendant that he was giving up his right to a jury trial, his right to have the state prove his guilt beyond a reasonable doubt, his right to subpoena witnesses, and his right to testify or remain silent. The trial court also informed the defendant of the possible consequences of his plea in terms of sentencing.

{¶ 60} In plain English, the trial court informed the defendant of the "effect" of his plea. In my view, the court does not need to tell the defendant that "pleading guilty" really means "pleading guilty." Unless common sense truly is dead, a defendant should know that. I respectfully concur in part and dissent in part.

---

MOYER, C.J., dissenting.

{¶ 61} The majority holds that a trial court accepting a plea of guilty or no contest from a defendant charged with a petty misdemeanor must inform him or her only of the effect of the specific plea being entered, not of all three pleas listed in Crim.R. 11(E). Because I believe this interpretation violates the plain language of the statute, I respectfully dissent.

{¶ 62} When faced with an issue of statutory or rule interpretation, we must first look to the plain language of the statute or rule and apply it as written if its meaning is unambiguous and definite. See *State v. Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9. Crim.R. 11(E) states that a trial court shall not accept a plea of no contest or guilty to a petty misdemeanor "without first informing the defendant of *the effect of the plea of guilty, no contest, and not guilty.*" (Emphasis added.) The words "the effect of the plea of" precede three different pleas (guilty, no contest, and not guilty) and modify all three. Thus, the rule actually states that a trial court shall not accept a plea of no contest or guilty "without first informing the defendant of the effect of the plea of guilty, [the effect of the plea of] no contest, and [the effect of the plea of] not guilty." Crim.R. 11(E).

{¶ 63} I fail to see the ambiguity in such a sentence in view of the use of "and," the conjunctive word. A trial court must advise a defendant seeking to enter a plea of guilty or no contest of the effect of each listed plea. Given the clear plain-language meaning of the rule, we must apply it as written. See *Lowe*, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9.

{¶ 64} In reaching a different conclusion, the majority does not note an explicit ambiguity in Crim.R. 11(E). Rather, it immediately invokes R.C. 1.02(F), which allows "and" and "or" to be interchangeable "if the sense requires it," and

concludes that "[c]ommon sense requires that 'and' be read as 'or'" in Crim.R. 11(E).

{¶ 65} To support this argument, the majority cites Crim.R. 11(C)(2), which refers to pleas of guilty and no contest in felony cases. That provision states that "the court * * * shall not accept a plea of guilty or no contest without first * * * [i]nforming the defendant of and determining that the defendant understands the effect of the plea of guilty *or* no contest." (Emphasis added.) Crim.R. 11(C)(2)(b). The majority highlights the use of "or" and implies that the different word choice there should compel a substitution in Crim.R. 11(E). I would conclude just the opposite. The court knew the difference between "or" and "and" and used the words to create different requirements for trial courts.

{¶ 66} Furthermore, the in pari materia doctrine may be used only when there is some ambiguity present in the plain language. See *State ex rel. Burrows v. Indus. Comm.* (1997), 78 Ohio St.3d 78, 81, 676 N.E.2d 519. The majority enunciated no such ambiguity, and thus the plain, conjunctive language should control.

{¶ 67} Even if the rule is ambiguous as written, the in pari materia doctrine still supports the plain-language reading. The majority fails to factor Crim.R. 11(D) into its analysis. That subsection, which addresses pleas to serious misdemeanors, states: "[T]he court * * * shall not accept such *plea* without first * * * informing the defendant of the effect of the *pleas* of guilty, no contest, *and* not guilty * * *." (Emphasis added.) The quoted language is identical to that in Crim.R. 11(E) except that in Crim.R. 11(E), the first emphasized "plea" is plural and the second one is singular.[5] Like Crim.R. 11(E), Crim.R. 11(D) uses the conjunctive "and" in its list of pleas.

{¶ 68} In short, Crim.R. 11(C) uses the singular "plea" and the disjunctive "or" to require trial courts to inform felony defendants of the effect of the specific plea being entered, Crim.R. 11(D) uses the plural "pleas" and the conjunctive "and" to require that all three listed pleas be explained, and Crim.R. 11(E) falls in the middle, using the singular "plea" and the conjunctive "and." The majority maintains that the singular use of "plea" in the phrase "the effect of the plea of guilty, no contest, and not guilty" aligns Crim.R. 11(E) with Crim.R. 11(C).

---

5. The juxtaposition of "plea" and "pleas" in these subsections is puzzling. The confusion is heightened by the fact that the two primary publishers of legal authorities in Ohio, Thomson West and Anderson, print different versions of the rule. In Thomson West's publications, Crim.R. 11(D) and 11(E) feature the different uses of "plea" and "pleas," but in Anderson's publications, both subsections state that the court "shall not accept such *plea*" without first explaining "the effect of the *pleas* of guilty, no contest, and not guilty." (Emphasis added.) Upon reviewing the rules as proposed in 1973, it appears that the Thomson West version is correct. See 46 Ohio St. Bar Assn. Report (June 11, 1973), Vol. XLVI, No. 24, at 841.

However, because the word "and" is used and the phrase "the effect of the plea of" modifies all three pleas, it is grammatically correct to state that the meaning is analogous to Crim.R. 11(D). Thus, neither comparison offers definitive guidance.

{¶ 69} In such a circumstance, R.C. 1.02(F) requires us to determine whether common sense requires a substitution before we alter the plain language before us. This step is where the majority's analysis fails. Crim.R. 11(D) shows that a defendant accused of a serious misdemeanor must be apprised of the effect of all three listed pleas even though those facing felonies must be informed only of the effect of their specific pleas. I fail to see how such a requirement could be mandatory for those accused of serious misdemeanors but contrary to common sense for those accused of petty misdemeanors. The drafters could have believed that defendants facing misdemeanor charges were less likely to have counsel than those accused of felonies, and thus more in need of additional information about the possible pleas. Without stronger indicators of an illogical result, I cannot agree that common sense truly demands a departure from the conjunctive "and" in Crim.R 11(E).

{¶ 70} The majority's final argument is that substituting "or" for "and" in the last line of Crim.R. 11(E) would avoid imposing "a more stringent requirement for a court's acceptance of petty misdemeanors pleas than for felony pleas." To support this proposition, it relies on *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25, in which we observed that a judge's duty to a defendant in accepting a guilty or no contest plea increases proportionately to the seriousness of the crime charged.

{¶ 71} However, the plain language meaning fits perfectly into the hierarchy. Under Crim.R. 11(E), a trial court must inform a defendant pleading to a petty misdemeanor of the effect of all three listed pleas. For a defendant pleading to a serious misdemeanor, the trial court must personally address the defendant, inform him or her of the effect of the three pleas, and determine that the plea is being made voluntarily. Crim.R. 11(D). If the defendant is unrepresented by counsel, the court must also readvise him or her of the right to counsel and ensure that the defendant waives the right before accepting the plea. Id. For a defendant pleading to a felony, the trial court must ensure that he or she is waiving the right to counsel if applicable, discern whether he or she is pleading voluntarily (with an understanding of the nature of the charges and the maximum possible penalty), inform him or her of the effect of the specific plea entered and the various rights waived with a plea, and determine that the defendant understands the waived rights. Crim.R. 11(C)(1), (2)(a) through (c). The procedures increase incrementally as observed in *Watkins* under either interpretation, and thus the majority's final justification is insufficient to abandon the plain language.

{¶ 72} Therefore, I would hold that the trial court was required to inform appellee of the effects of all three pleas listed in Crim.R. 11(E). I agree with the majority that Crim.R. 11(B) properly defines the effect of the pleas of guilty and no contest and that the trial court failed to properly advise appellee of the effects of these pleas and the plea of not guilty. Given this failure, the court of appeals correctly held that appellee did not enter a knowing, intelligent, and voluntary plea. I would therefore affirm the court of appeals and remand the matter for consideration of appellee's motion to withdraw his guilty plea without further analysis.

O'CONNOR and CUPP, JJ., concur in the foregoing opinion.

---

Paul J. Gains, Mahoning County Prosecuting Attorney, and Rhys B. Cartwright–Jones, Assistant Prosecuting Attorney, for appellant.

Brent L. English, for appellee.

Marc Dann, Attorney General, Elise W. Porter, Acting Solicitor General, and Henry G. Appel, Assistant Solicitor General, urging reversal for amicus curiae, Attorney General of Ohio.