[Cite as *State v. Young*, 2017-Ohio-8685.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## HENRY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

        CASE NO. 7-17-01

    v.

JEREMY J. YOUNG,

        O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Napoleon Municipal Court
Trial Court No. 17 CRB 00321

Judgment Reversed, Cause Remanded

Date of Decision: November 27, 2017

APPEARANCES:

    *Clayton M. Gerbitz* for Appellant

    *Billy D. Harmon* for Appellee

Case No. 7-17-01

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Jeremy Young ("Young") brings this appeal from the judgment of the Napoleon Municipal Court finding him guilty of domestic violence. Young challenges 1) the trial court's compliance with Criminal Rule 11(E) and 2) the sentence imposed. For the reasons set forth below, the judgment is reversed and the matter is remanded.

{¶2} On April 21, 2017, a complaint was filed in the trial court alleging that Young had committed an act of domestic violence in violation of R.C. 2919.25(A), a misdemeanor of the first degree. Doc. 1. Young allegedly had placed his hands around the victim's throat after the child woke him from sleeping. *Id.* The victim was the child of Young's fiancé and lives with Young. *Id.* Young later appeared by video for arraignment where he entered a plea of no contest. Doc. 2. The trial court found him guilty of the offense and immediately proceeded to sentence Young to one year of probation, including 180 days in jail with 170 of the days suspended. *Id.* The trial court also ordered that Young have no contact with the victim and the victim's sibling for two years. On May 18, 2017, Young filed his notice of appeal from the judgment of the trial court. Doc. 5. Young raises the following assignments of error on appeal.

### First Assignment of Error

**The trial court erred in accepting [Young's] plea by failing to comply with Criminal Rule 11(E).**

**Second Assignment of Error**

**The trial court abused its discretion when it imposed, as a condition of probation or community control, an order requiring that [Young] have no contact with two minor children.**

{¶3} On June 20, 2017, the Clerk of the Napoleon Municipal Court certified that the record consisted of one transcript and papers numbered one to ten. On July 11, 2017, Young filed his brief with this court, raising the above listed assignments of error. On July 17, 2017, a "Transcript of Proceedings Reading of Rights at Corrections Center of Northwest Ohio" was filed. The order of the trial court ordering the supplementation of the record was filed on July 20, 2017. The State then filed its brief on July 28, 2017.

{¶4} On August 4, 2017, Young filed a motion to quash the transcript filed on July 17, 2017 and any argument based upon it. The motion was based upon the facts that 1) the record contains no identification of the party seeking to add the transcript, 2) the record contains no indication that the transcript was ever a valid part of the trial court record, and 3) no motion or order was ever filed to have the record supplemented. This motion will be addressed along with the first assignment of error.

*Advising a Defendant of Legal Rights*

{¶5} In both the motion to quash and the first assignment of error, Young argues that the trial court did not correctly advise him of his rights and the effect of a no contest plea. Initially, this court notes that the trial court has the authority to

order the record to be supplemented to correct an omission from the record, even after the record has been transmitted to the court of appeals. App.R. 9(E). In this case, the trial court sua sponte ordered that the record be "supplemented to include a transcript of the statement of rights played to the Defendant prior to his April 21, 2017 initial appearance." July 20, 2017 order.

{¶6} To fully understand the effect of this supplement, one must first comprehend what the procedures used were. A review of the record in this case indicates that at some time prior to the April 21, 2017 court hearing, a recorded message referred to as a "statement of rights" was allegedly played for Young in the holding area at his location at the Corrections Center of Northwest Ohio while he was waiting to be connected with the trial court via video link for his arraignment. This recording was what the trial court sua sponte added to the record. After allegedly listening to the recorded statement of rights, Young was eventually connected via video link to the trial court and arraigned.

{¶7} Although the trial court may supplement the record, the supplement in this case raises several issues which affect the weight the supplemented record is accorded. The first issue is that the transcript does not indicate whether the trial court had previously reviewed the recording being played and approved it as part of the court proceedings. At no time does the record indicate that the trial court was aware of what specifically was played for the defendant. The trial court apparently was not present for the advisement, but instead merely asked the defendant at a later

time if he had heard "a statement of [his] rights." Tr. 2. A trial court cannot be certain what was presented to the defendant absent having it be part of the court proceeding.

{¶8} We also note that the trial court certified that the "foregoing transcript of the hearing held on April 21 2017 consisting of 5 pages * * * is a true complete transcript of the proceedings, and I do further certify that I was personally present in the courtroom during all of said proceedings." This certification was attached to the transcript of proceedings that took place in the Napoleon Municipal Court on April 21, 2017, and indicates that it is a complete transcript of proceedings. The reading of rights transcription contained no such certification, does not indicate the date on which it occurred, and merely identifies the text as coming from "speaker".

{¶9} The second issue raised is whether the transcript of the advisement of the rights was actually what was played for Young. The record does not show that Young was incarcerated at the Corrections Center of Northwest Ohio and the trial court did not ask that at the hearing. Even assuming that Young was at the Corrections Center of Northwest Ohio, the record contains no verification that this recording was played on the date in question and that Young was in attendance for that specific presentation. All the record contains is a statement by Young that he listened to a statement of his rights and that he had no questions. Tr. 2. At no time were any specifics discussed from which a conclusion could be reached that this recording was the one which Young heard. Although the trial court may supplement

the record, logically the record must contain something to indicate that the transcript which is being added is related to the matter before this court.

{¶10} The third issue this court has with the supplemented transcript is the process by which it was used. The trial court evidently used the recording as a way to avoid having to discuss the rights with each individual defendant. While recordings may be used to advise defendants of their rights en masse, the trial court must still take steps to insure that the advisement is correct and that a defendant actually comprehends what was presented. A defendant who pleads not guilty may not need additional advisement at that point in time, but one who enters a plea of no contest or guilty must comprehend what rights they are waiving prior to entering the plea. In this case, the trial court failed to take any steps to insure that Young actually comprehended the rights he was waiving and the effect of the plea before accepting a plea of no contest. This court does not see how a trial court can make a finding that a defendant is entering a plea knowingly, voluntarily, and intelligently without first addressing the defendant and determining that the defendant actually understands what was stated. Here, the trial court merely asked if Young had heard his rights and then asked him to initial and sign a waiver form without addressing the content of the form. The trial court also did not take any steps to determine whether Young could read the form or had any conditions which might interfere with his ability to understand what he was being told. Although the waiver form addressed the fact that a conviction for domestic violence could elevate any future

charges of domestic violence, the trial court did not address this issue with the defendant prior to accepting the plea. The alleged advisement of rights at the Correctional Center of Northwest Ohio did not address this issue either.

{¶11} Although all of these issues raise questions in this court, the fatal error in the acceptance of the plea was the failure of the trial court to accurately advise Young of the effect of his plea as required by Criminal Rule 11(E). "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first informing the defendant of the effect of the pleas of guilty, no contest, and not guilty." Crim.R. 11(E). The Supreme Court of Ohio has held that to comply with the requirements of Criminal Rule 11(E) when informing a defendant of the effect of a plea of no contest, the trial court must inform the defendant "that the plea of no contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 23 citing Crim.R. 11(B)(2). Here, the dialogue between the trial court and Young prior to accepting the plea of no contest was very short.

> **The Court: Mr. Young, did you listen to a statement of your rights?**
>
> **Mr. Young: I sure did Your Honor.**

**The Court:  Do you have any questions about your rights?**

**Mr. Young:  No ma'am.**

**The Court:  Did you receive a copy of this complaint?**

**Mr. Young:  I did Your Honor.**

**The Court:  The complaint alleges that on or about April 19, 2017 you did, in the City of Napoleon, County of Henry, State of Ohio, knowingly caused or attempted to cause physical harm to a family or household member.  It is a violation of [R.C. 2919.25(A)], commonly known as Domestic Violence, and it is a misdemeanor of the first degree punishable by up to six months in jail, $1,000 fine or both.  How do you wish to plea?**

**Mr. Young:  Um, no contest.**

**The Court:  You realize that if you plead no contest you would be waiving or giving up the rights you are given in that statement?**

**Mr. Young:  I really don't know what to say, you know, the situation escalated and nobody was injured * * ***

**The Court:  I don't want to hear anything about the incident I'm just asking if you are sure you want to plead no contest because you are going to be found guilty of this offense.**

**Mr. Young:  Umm, yes ma'am.**

**The Court:  There is a written waiver for you to sign, please read over this waiver, it explains what rights you are giving up by pleading no contest.  Please initial all of the lines and date and sign at the bottom where indicated.  The Court will find that you knowingly, voluntarily and intelligently with the full understanding of rights, waived those rights and entered a plea of no contest.  The Court would accept your plea and I'm going to read for the record the report of the officer.  It states that on April 20, 2017 officers were called to Maple Street for an alteration between Randall Dixon and Amy Watson, through an investigation it was discovered that Randall and Amy were**

> **arguing over a domestic violence incident that took place at Amy's residence. It was reported that on April 19, in the City of Napoleon, Henry County, Ohio [Young] strangled the victim who is eleven years old by placing his hands around the victim's throat and squeezing. The victim reported that the defendant was shaking him while choking him and that [Young] choked him for 3-5 seconds before releasing him.**
>
> **Mr. Young: That's not true.**
>
> **The Court: Those are the facts of the report and based on those facts I am going to find you guilty of this offense. Is there anything you wish to say regarding sentencing?**
>
> **Mr. Young: No, no ma'am.**

Tr. 2-4.

{¶12} Regardless of whether the trial court should have taken additional steps to insure that the plea was knowingly, voluntarily, and intelligently entered, the trial court was required by the rules to inform Young of the effect of the plea of no contest before accepting the plea. The trial court erred in this endeavor because it did not correctly inform Young. The trial court was supposed to inform Young that if he entered a plea of not contest, he would not be admitting guilt, but that he would be making an admission of the truth of the facts alleged in the complaint. Crim.R. 11(B). The trial court also was required to inform Young that the plea or admission could not be used against him in any subsequent civil or criminal proceeding. *Id*. Instead of informing Young of this, the trial court told him that if he entered a plea of no contest, he would be found guilty of the offense charged. This is an incorrect statement of law and does not comply with Criminal Rule 11.

Because the trial court failed to correctly advise Young of the effect of the plea of no contest, the plea was not voluntarily, intelligently, and knowingly entered. The first assignment of error is sustained.

{¶13} Having found that the plea was not voluntarily entered, the question of the sentence as raised in the second assignment of error is moot. This court will thus not address that assignment of error at this time. App.R. 12(A)(1)(c).

{¶14} Having found error prejudicial to the appellant in the first assignment of error, the judgment of the Napoleon Municipal Court is reversed. The matter is remanded to the trial court for further proceedings in accord with this opinion.

*Judgment Reversed*
*Cause Remanded*

**PRESTON, P.J. and SHAW, J., concur.**

**/hls**