[Cite as *State v. Lamb*, 2022-Ohio-1300.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| THOMAS E. LAMB | : | Case No. 21 CAC 09 0047 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 21 CRB 01057


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     April 18, 2022


APPEARANCES:

For Plaintiff-Appellee                            For Defendant-Appellant

AMELIA BEAN-DEFLUMER                  JOEL M. SPITZER
70 N. Union Street                               97 S. Liberty Street
Delaware, OH  43015                           Powell, OH  43065

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, Thomas E. Lamb, appeals his August 13, 2021 conviction and sentence from the Municipal Court of Delaware County, Ohio. Plaintiff-Appellee is the state of Ohio.

### Facts and Procedural History

{¶ 2}   On August 5, 2021, a complaint was filed against appellant in the Delaware County Municipal Court charging him with one count of aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree. On August 31, 2021, appellant pled no contest, the trial court found him guilty and convicted him. By entry filed August 31, 2021, the trial court sentenced appellant to a term of community control with conditions, and a fine.

{¶ 3}   This matter is now before this court for consideration.

{¶ 4}    In *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967) the Supreme Court of the United States held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw. *Anders* at 744. Counsel must accompany his/her request with a brief identifying anything in the record that could arguably support the defendant's appeal. Id. Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and, (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the

appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 5} Appellate counsel's brief lists the following assignments of error:

I

{¶ 6} "APPELLANT'S FIRST POTENTIAL ARGUMENT OF INEFFECTIVE ASSISTANCE OF COUNSEL."

II

{¶ 7} "APPELLANT'S SECOND POTENTIAL OHIO CRIMINAL RULE 11 ARGUMENT THAT THE TRIAL COURT ERRED BY ACCEPTING HIS "NO CONTEST" PLEA."

I, II

{¶ 8} In the listed assignments of error, appellate counsel suggests there are no issues that would not be considered frivolous regarding the assistance of effective legal counsel, and appellant's plea of no contest.

Assistance of Effective Legal Counsel

{¶ 9} The standard this issue must be measured against is set out in *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. Appellant must establish the following:

> 2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976],

48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 10} In the *Anders* brief at 6, appellate counsel essentially states that even if trial counsel's performance could somehow be construed as ineffective, appellant still could not demonstrate the outcome would have been different, in other words that he would not have entered his no contest plea. We agree. A complete review of the record does not show any deficiency by trial counsel, nor that appellant suffered any prejudice. August 31, 2021 Plea Hearing and Sentencing Transcript.

Guilty Plea

{¶ 11} A trial court's duty when accepting a plea differs based upon the level of offense to which the defendant is pleading. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25. Here appellant pled to a petty offense as defined by Crim.R. 2(D).

{¶ 12} In the Anders brief at page 6 appellate counsel cites our decision in *State v. Lindenmayer*, 5th Dist. 08-CA-142, No. 2009-Ohio-3982 wherein we discussed a trial court's obligations in accepting a plea of no contest to a petty offense pursuant to Crim.R.

11(E). We noted Crim.R. 11(E) does not put the same stringent requirements upon a trial court as Crim.R. 11(C). At paragraph 57 of that opinion we found:

> [F]or a no contest plea to a petty misdemeanor offense, "a defendant must be informed that the plea of no contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *Jones*, supra, at ¶ 23. In other words, "to satisfy the requirement of informing a defendant of the effect of a plea, a trial court must inform the defendant of the appropriate language under Crim. R. 11(B)." In this case, the court would have had to inform Appellant that her "plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 13} In the *Anders* brief at 9, appellate counsel states, "* * * counsel believes Appellant would be unsuccessful in arguing that the Court's acceptance of his no contest plea was out of compliance with Crim.R. 11(B)." We agree. A complete review of the record demonstrates the trial court complied with the applicable portions of Crim.R. 11. August 31, 2021 T. at 3-5; Record at 22. Appellant stated he understood that by entering

a no contest plea he was not admitting guilt but was admitting to the truth of the facts set forth in the complaint. T. at 4.

{¶ 14} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 15} The judgment of the Municipal Court of Delaware County, Ohio, is hereby affirmed.

By Wise, Earle, P.J.

Hoffman, J. and

Wise, J., J. concur.

EEW/rw