[Cite as *State v. Rutherford*, 2023-Ohio-4376.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2023-T-0034 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| FREDDIE G. RUTHERFORD, JR., | |
| Defendant-Appellant. | Trial Court No. 2022 CR 00810 |

**O P I N I O N**

Decided: December 4, 2023
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ryan J. Sanders*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Sarah G. Ogden*, Megargel, Eskridge, & Mullins, LLP, 231 South Chestnut Street, Ravenna, OH 44266 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Freddie G. Rutherford, Jr., appeals his convictions following his guilty pleas to attempted failure to comply with order or signal of police officer and receiving stolen property. For the following reasons, we affirm.

{¶2} At appellant's plea hearing, the State provided the following factual basis. On or around October 14, 2022, officers with the Trumbull County Sheriff's Office and Warren City Police Department attempted to stop appellant for a moving violation. At the time, appellant was driving a motorcycle. When officers activated their flashing lights and

sirens, appellant did not stop. Appellant accelerated to an unsafe speed and took several actions that placed nearby persons and property in substantial risk of serious physical harm. Once appellant stopped, it was later learned that appellant was driving a motorcycle that was reported stolen.

{¶3} On November 29, 2022, an indictment was filed charging appellant with failure to comply with order or signal of police officer and receiving stolen property. On March 14, 2023, appellant entered a guilty plea to an amended indictment charging him with attempted failure to comply with order or signal of police officer, a felony of the fourth degree, and receiving stolen property, also a felony of the fourth degree.

{¶4} On April 27, 2023, a sentencing hearing was held. Appellant was sentenced to 18 months on each felony count, to be served consecutively, totaling 36 months.

{¶5} Appellant now appeals his conviction.

{¶6} Appellant's sole assignment of error asserts: "The trial court erred by accepting appellant's guilty pleas because they were not made knowingly, intelligently, and voluntarily."

{¶7} "This [C]ourt reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11. *State v. Dundics*, 2016-Ohio-1368, 62 N.E.3d 1013, ¶ 10 (11th Dist.)." *State v. Willard*, 2021-Ohio-2552, 175 N.E.3d 989, ¶ 51 (11th Dist.).

{¶8} Crim.R. 11(C)(2)(a), provides in relevant part:

> (2) In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.

2

{¶9} In his brief, appellant contends the trial court did not inform him of the "precise consequences of pleading guilty on his parole" and that the trial court "did not ensure Mr. Rutherford understood the maximum penalty he faced by pleading guilty." Appellant further asserts that "the court stated the maximum penalty he faced *after* Mr. Rutherford pleaded guilty."

{¶10} Regarding appellant's assertion that the trial court did not inform him of the precise consequences of pleading guilty on parole, appellant's argument lacks merit. This Court would note that in his prior felony case, appellant would have been informed of the consequences for violating post release control by committing a new felony. Further, according to the transcript of the plea hearing held on March 14, 2023, the trial court asked appellant if he was on probation or community control in Ohio, or any other State. Appellant informed the court that he was, in fact, on parole. The trial court then informed appellant, "[y]ou might want to communicate with your parole officer about this charge because that could result in your parole being violated and being sent back to prison on those charges; do you understand that?" Appellant responded, "[y]es, sir," indicating that he understood that by entering a plea of guilty, his conviction could result in an additional sentence for violating his parole. The possible penalties of pleading guilty were further explained in the written plea agreement that appellant read and signed prior to entering his plea.

{¶11} The trial court asked appellant if he had read the plea agreement, and appellant responded affirmatively. After each count, the agreement states:

> I * * * understand the consequences entering this plea, including the penalties which can be from: 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, or 18 months[.] * * * I understand that if

3

Case No. 2023-T-0034

I am charged with multiple counts, the Court could impose consecutive sentences.

I understand that my plea of guilty may result in an additional sentence for a parole or post release control violation, and/or probation or community control sanction violation. I understand that any such sentence shall be consecutive to the instant sentence * * *.

{¶12} Appellant argues that the trial court did not inform him of his maximum potential sentence until after accepting his guilty plea. Appellant's original charge for failure to comply with order or signal of police officer was a felony of the third degree, which requires a consecutive sentence if prison is imposed. Appellant, however, pleaded to attempted failure to comply with order or signal of police officer, a felony of the fourth degree, which leaves consecutive sentencing to the discretion of the trial court. In addition to language about potential sentencing in the plea agreement, the plea agreement indicates that that no prison sentence was presumed necessary or mandatory. The transcripts indicate that the trial court accepted appellant's guilty plea after stating appellant's potential range of sentencing.

{¶13} Appellant first acknowledged to the court that he had read and understood the provisions of the plea agreement he signed:

THE COURT: Have you reviewed it with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about it?

THE DEFENDANT: No, sir.

THE COURT: On the last page of this plea agreement there's a signature above your name. Did you sign the plea agreement?

THE DEFENDANT: Yes, sir.

4

THE COURT: Have you had enough time to consult with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: Has he answered all of your questions for you?

THE DEFENDANT: Yes, sir.

THE COURT: Have you had the opportunity to review the indictment, the discovery, and all the legal documents that were provided by the State of Ohio with your counsel?

THE DEFENDANT: Yes, sir.

THE COURT: Are you satisfied with your attorney?

THE DEFENDANT: Yes, sir.

{¶14} The plea agreement explicitly stated the range of potential sentences, the potential for the sentences to run consecutively, and the potential for an additional sentence for a parole violation.

{¶15} Crim.R.11 requires that before the trial court accepts a guilty plea in a criminal case, it must inform the defendant of the constitutional rights they are waiving, to determine that the defendant understands the charges, maximum penalty, and the effect of their plea.

> Before accepting a guilty plea in a felony case, a "trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." *State v. Ballard* (1981), 66 Ohio St.2d 473, 20 O.O.3d 397, 423 N.E.2d 115, paragraph one of the syllabus. In addition to these constitutional rights, the trial court is required to determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea. Crim.R. 11(C)(2)(a) and (b).

*State v. Jones*, 116 Ohio St.3d 211, 214, 2007-Ohio-6093, 877 N.E.2d 677, 681, ¶ 12.

{¶16} Further, "if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a

5

substantial-compliance rule applies. (Citations omitted) * * * Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld. *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474." *State v. Clark*, 119 Ohio St.3d 239, 244-45, 2008-Ohio-3748, 893 N.E.2d 462, 469, ¶ 31.

{¶17} The transcripts indicate that the trial court determined from appellant's responses, that appellant understood the implications of his plea and the rights he was waiving. While the trial court did not articulate the full range of sentences, it did state the maximum sentences involved:

> THE COURT: The Court finds the Defendant has been informed of his constitutional rights, that he understands the nature of the charges, the effect of the change of pleas to guilty as well as the possible penalties that can be imposed. You are looking at – between 6 and 18 months on each count * * * the Court accepts the Defendant's change of pleas of guilty * * *.

{¶18} Appellant further asserts that the trial court did not inform him of the potential for consecutive prison terms. While again, appellant acknowledged that he understood this was a possibility by signing the plea agreement, the trial court was under no obligation to address the potential for discretionary consecutive sentences. *See State v. Willard*, 2021-Ohio-2552, 175 N.E.3d 989, 993, ¶ 7.

{¶19} The record indicates that appellant represented to the trial court that he had read, understood, and had plenty of time to ask questions of his counsel about the provisions contained within the plea agreement. The plea agreement clearly explained the maximum potential sentences appellant could face, that the sentences could be

6

consecutive, and that there could be additional sentences imposed because of appellant's violation of parole because of this conviction. The trial court explained to appellant at the plea hearing the maximum potential sentence for each count that appellant pleaded guilty to. Appellant's plea was knowingly, intelligently, and voluntarily entered.

{¶20} Appellant's sole assignment of error is without merit.

{¶21} For the foregoing reasons, we affirm the sentence of the Trumbull County Court of Common Pleas.

MARY JANE TRAPP, J.,

EUGENE A. LUCCI, J.,

concur.

7