OPINION
{¶ 1} Weston Ray Bowman was charged by complaint with criminal child enticement, a first degree misdemeanor. After his counsel announced Bowman's "intent * * * to enter a guilty plea," the court imposed a sentence of 180 days, 177 of which were suspended. Bowman was given credit for three days he had spent in jail. The court also fined Bowman, assessed costs against him, and placed him on probation that was to include counseling. The court stayed *Page 2 
execution of the sentence pending the outcome of this appeal.
 {¶ 2} Bowman advances two assignments of error:
 {¶ 3} "1. WHETHER THE APPELLANT'S CONVICTION BASED UPON HIS GUILTY PLEA WAS FAULTY.
 {¶ 4} "2. WHETHER THE APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL."
 I. {¶ 5} We agree that Bowman's conviction was fatally flawed by the plea proceeding, and we sustain the first assignment of error.
 {¶ 6} Pursuant to Crim. R. 2(D), criminal child enticement, as charged, is a petty offense that requires the trial court's compliance with Crim. R. 11(E).
 {¶ 7} Crim. R. 11(E) states in part:
 {¶ 8} "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, and shall not acceptsuch pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." (Emphasis ours.)
 {¶ 9} Crim. R. 11(B), styled "Effect of guilty or no contest pleas," states in part:
 {¶ 10} "With reference to the offense or offenses to which the plea is entered:
 {¶ 11} "(1) The plea of guilty is a complete admission of the defendant's guilt."
 {¶ 12} The transcript of the plea proceeding reveals no compliance with the mandate of Crim. R. 11(E):
 {¶ 13} "DEFENSE ATTORNEY: Judge our intent was to enter a guilty plea on the 00898. It is set for Trial * * * inaudible * * *. *Page 3 
 {¶ 14} "THE COURT: Okay, plead guilty on 898. $150.00 and costs. 180 days. Were you in jail at all Weston?
 {¶ 15} "DEFENDANT: Three days.
 {¶ 16} "THE COURT: Three days, okay. 177 suspended, three days credit, reporting probation. Part of probation is counseling."
 {¶ 17} The trial court did not inform Bowman of the effect of a guilty plea. Indeed, Bowman himself did not plead guilty nor was he called upon to do so.
 {¶ 18} Crim. R. 11(E) requires little of the trial court before it may accept a guilty plea, but it must comply with the rule for the guilty plea to be valid.
 {¶ 19} The State argues that part of the plea proceeding was inaudible, that Bowman was represented by counsel, and that Bowman "was clearly advised by the trial court as to the actual penalties imposed." While all this is true, it is unavailing to save this plea because none of it establishes compliance with Crim. R. 11(E). The State did not attempt to utilize App. R. 9(C) to supplement the record where the recording of the plea proceeding was inaudible, and it appears that what was inaudible was a statement by defense counsel, not by the court. Representation by counsel and the court's telling Bowman the penalties it was imposing simply did not satisfy what Crim. R. 11(E) requires.
 II. {¶ 20} Bowman's claim of ineffective assistance of counsel is premised on defense counsel's failure to capitalize on Bowman's "bipolar and schizoaffective disorders" as a basis for a finding that he was incompetent to stand trial or for an acquittal by reason of insanity.
 {¶ 21} We agree with the State that the record is silent as to whether Bowman was
4 afflicted with these conditions. Given the presumption that an accused is competent to stand trial, R.C. 2945.37(G), and further that insanity is an affirmative defense, R.C. 2901.01(A)(14), the lack of any indication in the record that Bowman suffered from these conditions precludes any determination by us that his counsel was derelict in not pursuing either an incompetent to stand trial determination or an insanity defense.
 {¶ 22} The second assignment is overruled.
 III. {¶ 23} The judgment will be reversed, and the case will be remanded to the trial court for further proceedings consistent with this opinion.
GRADY, J. and WALTERS, J., concur.
(Hon. Sumner E. Walters retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Christine L. Burk
Eric A. Stamps
 Hon. Robert E. Messham, Jr. *Page 1