[Cite as *State v. Bond*, 2011-Ohio-3272.]

### IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

STATE OF OHIO      :
           :  Appellate Case No. 24457
  Plaintiff-Appellee   :
           :  Trial Court Case No. 10-CRB-9518
v.          :
           :  (Criminal Appeal from
ALEXANDRIA BOND    :   Dayton Municipal Court)
           :
  Defendant-Appellant  :
           :
        . . . . . . . . . .

### O P I N I O N

Rendered on the 30th day of June, 2011.

. . . . . . . . .

STEPHANIE COOK, Atty. Reg. #0067101, 335 West Third Street, Room 372, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellee

THOMAS HAHN, Atty. Reg. #0086858, Post Office Box 341688, Beavercreek, Ohio 45432
  Attorney for Defendant-Appellant

. . . . . . . . .

HALL, J.

{¶ 1} On November 8, 2010, Alexandria Bond entered a guilty plea to one count of aggravated menacing, a first-degree misdemeanor, with the State dismissing a charge of telephone harassment. Consequently, during the pre-sentencing investigation hearing on December 14, 2010, the trial court sentenced Bond to one year of supervised community

control with 60 days of electronic home detention, with release to attend counseling, school, and probation. Additionally, the trial court ordered that Bond attend anger management class.

{¶ 2} Bond has a four-year-old son. Her son's father has a sister, the victim, who brought these charges of aggravated menacing and telephone harassment. During the court proceedings, Bond pled guilty to the aggravated menacing charge. However, following her plea, Bond continued to attempt to justify her actions. Bond told the court that this situation has been an ongoing problem over the last several years because she takes the victim's brother to court for child support. Bond claimed she has made several attempts to avoid the victim, such as not sending her child with the victim and changing her telephone number. However, Bond claimed, the victim continues to locate her and provoke her towards this behavior. After hearing this information, the trial court accepted Bond's guilty plea and imposed the appropriate sentence. Bond appealed.

{¶ 3} On March 28, 2011, Bond's appellate counsel filed a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, asserting the absence of any potentially meritorious issues for our review. In the *Anders* brief, however, Bond's appellate counsel did identify what he characterized as "a potential assignment of error relating to whether the guilty plea of appellant was knowingly, willingly, and voluntarily given[.]"

{¶ 4} We notified appellant that her counsel had filed an *Anders* brief and offered appellant ample time to file a pro se brief. None has been received.

{¶ 5} Pursuant to *Anders*, we are required to conduct a full examination of all proceedings and to appoint new counsel to assist Bond if we find any non-frivolous issues for

review. *Anders*; see, also, *Penson v. Ohio* (1988), 488 U.S. 75, 76, 109 S.Ct. 346, 102 L.Ed.2d 300. Having thoroughly reviewed the record in this case, we do not find any non-frivolous issues.

{¶ 6} In his *Anders* brief, Bond's appellate counsel recognized a potential issue regarding whether Bond knowingly, willingly, and voluntarily entered her guilty plea. A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, ¶ 6, citing *State v. Watkins,* 99 Ohio St.3d 12, 2003-Ohio-2419, ¶ 25.

{¶ 7} Pursuant to Crim.R. 2(D), aggravated menacing, as charged, is a petty offense that requires the trial court's compliance with Crim.R. 11(E). *State v. Bowman,* Montgomery App. No. 22459, 2008-Ohio-5157, citing Crim.R. 11(E). Crim.R. 11(E) states in part: "In misdemeanor cases involving petty offenses the court may refuse to accept a plea of guilty or no contest, *and shall not accept such pleas* without first informing the defendant of the *effect* of the plea of guilty, no contest, and not guilty." (Emphasis added.) Id. To satisfy the requirement of informing a defendant of the effect of a plea, a trial court must recite the appropriate language from Crim.R. 11(B) that "a plea of guilty to a criminal offense is a complete admission of criminal liability that is sufficient to support a conviction." *Jones,* supra, citing *State v. Mapes* , Champaign App. No. 09CA19, 2010-Ohio-4042.

{¶ 8} In cases involving felonies, "[t]he proper taking of a guilty plea requires 'a meaningful dialogue between the court and the defendant.'" *Mapes*, citing *State v. Bowling* (March 10, 1987), Montgomery App. No. 9925. However, the trial court conducting a guilty plea colloquy in a case involving a petty offense is not required to advise the defendant of the

same rights to which a defendant in a felony case would be entitled, and reversible error cannot be predicated upon the trial judge's having failed to conduct that inquiry. Id.; *State v. Lacy,* Greene App. No. 2001-CA-130, 2002-Ohio-1798; Crim.Proc., Rule 11(C)(2), (E). Although Crim.R. 11(E) does not require the trial court to engage in a lengthy inquiry when a plea is accepted to a misdemeanor charge involving a petty offense, the rule does require that certain information be given on the "effect of the plea." *Jones,* supra. Whether orally or in writing, a trial court must recite the appropriate language from Crim.R. 11(B) before accepting the plea. Id.

{¶ 9} The following guilty plea colloquy occurred during Bond's proceedings:

{¶ 10} "***The Court: At this time counselor, How did Miss Bond wish to proceed?

{¶ 11} "The Defense: She's going to plead guilty, your honor, to the aggravated menacing charge with the state dismissing the telephone harassment charge.

{¶ 12} "The Court: Alright, we will recall the warrant then. Miss Bond, at this time for the record, how do you plead to one count of aggravated menacing?

{¶ 13} "The Defendant: Guilty.

{¶ 14} "The Court: Do you understand that if you plead guilty today that you would be giving up your right to a trial by entering a plea of guilty?

{¶ 15} "The Defendant: Yes, Sir.

{¶ 16} "The Court: Do you understand the possible penalties for aggravated menacing?

{¶ 17} "The Defendant: Yes, Sir.

{¶ 18} "The Court: Up to a hundred and eighty days in jail and a fine up to a thousand

dollars are the maximum penalties.

**{¶ 19}** "The Defendant: Yes, Sir.

**{¶ 20}** "The Court: Has anyone promised you anything or threatened you to induce you to plead guilty?

**{¶ 21}** "The Defendant: No, Sir.

**{¶ 22}** "The Court: Are you pleading guilty freely and voluntarily?

**{¶ 23}** "The Defendant: Yes, Sir."

**{¶ 24}** After closely examining the trial record, we find that not only did the trial court inform Bond that entering a guilty plea would remove her right to a jury trial, as well as the possible penalties resulting from her plea during the hearing, but the court also informed Bond of her rights, in writing, in a waiver-of-rights form. Within that document, the language of Crim.R. 11(B) is contained in paragraph 10: "A plea of guilty is a complete admission of the truths of the facts in the Complaint and of my guilt of the charge brought by the state." Bond read and signed this document during her hearing on November 8, 2010. Therefore, we find that the trial court exceeded the requirements of Crim.R. 11(E).

**{¶ 25}** Appellate counsel asserts that even if the court did notify Bond of the effect of the plea, the plea was improperly accepted because she did not fully understand that she was making a complete admission of guilt. Counsel claims this is evident in the statements following her guilty plea, in which she attempts to justify her actions. This potential assignment of error lacks merit.

**{¶ 26}** The right to be informed that a guilty plea is a complete admission of guilt is nonconstitutional and therefore is subject to review under a standard of substantial

compliance. *State v. Griggs* 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. Under the substantial-compliance standard, we review the totality of circumstances surrounding Bond's plea and determine whether she subjectively understood that a guilty plea is a complete admission of guilt. Id. "[F]ailure to comply with nonconstitutional rights [is harmless error, and] will not invalidate a plea unless the defendant thereby suffered prejudice." *Jones,* supra. The test for prejudice is "whether the plea would have otherwise been made." Id., citing *State v. Ner*o (1990)*,* 56 Ohio St.3d 106, 108.

**{¶ 27}** Bond entered her guilty plea, in the presence of her counsel, through a desire to seek a lesser penalty. In exchange for pleading guilty to one count of aggravated menacing, the State dropped the count of telephone harassment. Following Bond's plea, the trial court ensured that she understood that she would not have a trial and the potential consequences of entering her plea. Bond assured the trial court that she was not coerced and willingly desired to enter this plea. Although Bond proceeded to justify her actions, she never maintained her innocence by denying her participation in the alleged acts. Consequently, because Bond did not assert her innocence at the colloquy, her guilty plea was not prejudicial. She is, therefore, presumed to understand that a plea of guilty is a complete admission of guilt. *Griggs*, at ¶ 19. We find that, under the totality of the circumstances, Bond was aware that a plea of guilty is a complete admission of guilt and find that she was not prejudiced. We conclude that this issue does not have arguable merit for appeal.

**{¶ 28}** Finally, pursuant to our responsibility under *Anders*, we have conducted a complete review of the record, which fails to portray any potential meritorious issues for our review. As a result, the trial court's judgment is affirmed.

. . . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Stephanie Cook
Thomas H. Hahn
Alexandria Bond
Hon. John S. Pickrel