[Cite as *State v. Guerriero*, 2012-Ohio-5990.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 12 MA 48 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| TERESA GUERRIERO | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from the Youngstown
Municipal Court of Mahoning County,
Ohio
Case No. 11CRB2393

JUDGMENT:        Affirmed.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Dana Lantz
Youngstown City Prosecutor
Atty. Kathleen Thompson
Assistant Prosecutor
26 S. Phelps Street
Youngstown, Ohio 44503

For Defendant-Appellant:        Atty. James R. Wise
Betras, Kopp & Harshman, LLC
6630 Seville Drive
Canfield, Ohio 44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: December 14, 2012

[Cite as *State v. Guerriero*, 2012-Ohio-5990.]
WAITE, P.J.

## Summary

{¶1} Appellant, Teresa Guerriero, entered a no contest plea to one count of domestic violence pursuant to a Crim.R. 11 agreement. In exchange for her plea, the state agreed to dismiss a drunk and disorderly charge stemming from the same incident. The trial court found Appellant guilty of a first degree misdemeanor based on the allegations in the complaint and imposed less than the maximum sentence. Appellant now argues that the trial court did not adequately inform her of her rights or inquire into the voluntariness of her plea. In so doing, she misstates the Crim.R. 11 requirements as to her misdemeanor offense and no contest plea and her arguments are not well taken. The judgment of the trial court is affirmed.

## Factual and Procedural History

{¶2} The record transmitted on appeal does not include the arrest report or statements taken at the scene, or any other material fully explaining the incident that resulted in Appellant's arrest. The record before us appears to reflect that on the evening in question, Appellant left her daughter at home with her mother while she went to a bar with her sister. Appellant was intoxicated when she left the bar around 2:25 a.m. At that point, it appears someone attempted to accost her. Impaired and upset by this latest event, Appellant and her sister returned home where, around 3:15 a.m., Appellant physically attacked her fifteen-year-old daughter. Other than the fact that a physical attack of some kind occurred, the exact nature or manner of the attack is not described in the record. According to the court, the attack was unprovoked.

(Tr., p. 19.) The court also indicated that Appellant was still angry and hostile when officers responded to the call that night. (Tr., pp. 18-19.)

{¶3} The state filed two criminal complaints against Appellant. The first, a violation of Youngstown City Ordinance 509.03 (b)(2), stated that Appellant "DID, WHILE VOLUNTARILY INTOXICATED: ENGAGE IN CONDUCT OR CREATE A CONDITION THAT PRESENTS A RISK OF PHYSICAL HARM TO THE OFFENDER OR ANOTHER, OR TO THE PROPERTY OF ANOTHER IN VIOLATION OF YOUNGSTOWN CITY ORDICANCE [SIC]." (11/14/11 Criminal Compl.). The second, a violation of 2919.25(A), stated that Appellant "DID KNOWINGLY CAUSE OR ATTEMPT TO CAUSE PHYSICAL HARM TO (MINOR) * * * A FAMILY OR HOUSEHOLD MEMBER." (11/14/11 Criminal Compl.). Appellant entered a not guilty plea on November 14, 2011, and was found indigent for the purposes of representation. Appellant subsequently retained counsel, who continued to represent her in all proceedings before the trial court. Counsel conducted discovery and obtained a modification of the terms of bond.

{¶4} Appellant appeared with her counsel at her plea hearing on February 6, 2012. At the hearing, she entered into a Crim.R. 11 plea agreement with the state. The state agreed to seek dismissal of the drunk and disorderly charge in exchange for Appellant's plea of no contest to the domestic violence charge, R.C. 2919.25(A). Violations of R.C. 2919.25(A) are first degree misdemeanors, punishable by a maximum of one hundred eighty days of confinement. R.C. 2929.24. At her sentencing hearing, counsel stated that Appellant, pursuant to the Crim.R. 11

agreement, would "stipulate to a finding of guilt, [and] waive presentment of evidence." The court then directly addressed Appellant as follows:

> THE COURT: * * * There is a potential penalty of a fine up to $1,000, a potential jail sentence up to six months in jail. Teresa Guerriero, I see you intend to change your plea from not guilty to no contest. I am to inform you that a no contest plea stipulates that the Court may make a finding of guilty or not guilty based on the facts presented or a stipulation as we have here and that the probabilities are that you will be found guilty. Given that information and understanding, you are changing your plea to –
>
> [APPELLANT]: No contest.
>
> THE COURT: Very well. Further, a no contest plea waives certain legal rights. It waives your right to a trial, a jury trial, to confront your accuser, to ask questions and cross examine any and all witnesses the State would bring forward to testify against you at a trial, your right to subpoena witnesses who would come and testify on your behalf, remain silent, raise any and all defenses you may have, to testify at your own trial among other constitutional and statutory rights. Do you understand that you would be waiving those rights?
>
> [APPELLANT]: Yes.

THE COURT: Very well. There is a finding of guilt. As to count two, the disorderly conduct charge, the State is moving to dismiss that matter. The motion to dismiss is granted. That matter is hereby dismissed. The Court is going to order a presentence investigation and this matter will be set for sentencing.

(Tr., pp. 4-6.)

{¶5} Appellant's sentencing hearing was held on March 5, 2012. The court had before it a presentencing report, the probation officer's recommendations, and a written statement from the victim, Appellant's fifteen-year-old daughter, who was present at the hearing but did not wish to speak. The court allowed Appellant to speak on her own behalf and also listened to the testimony of family members. The court declined to hear testimony from a couple who employed Appellant to care for their developmentally disabled child. According to the court at sentencing, Appellant and her family described a version of the events of that night that was very different from the facts reflected in the arrest report and statement of the officer at the scene. At the sentencing hearing, Appellant maintained that she had no memory of that night. Appellant's sisters testified that It was their belief that Appellant was drugged by someone at the bar where Appellant and one of her sisters were relaxing. According to this sister, when she and Appellant left the bar Appellant was mugged, and her subsequent uncharacteristic behavior toward her daughter at home resulted from excitement and agitation due to the mugging and alleged drugging. Appellant's sisters stated that Appellant was a good mother and she would not have acted against her daughter physically if not for the earlier events of the night. They stated

that her behavior was out of the norm and that she had suffered enough for her mistake. The family claimed that Appellant was not voluntarily intoxicated on the night of the incident, but was acting under the influence of a drugging. During the pendency of the prosecution and at the time of the sentencing hearing, Appellant no longer had custody of her daughter due to the incident. Her visitation rights have since been restored.

{¶6} Appellant spoke on her own behalf at the sentencing hearing and told the court that she had no recollection of that night and knew only what her family had told her. She also admitted, however, that she was never treated for any medical condition stemming from the incident or for memory loss, and could provide no medical explanation for her actions. She stated that she was not a violent person, and that her alleged behavior that night was not reflective of her general behavior towards her daughter.

{¶7} The court concluded, based on the information in the presentencing report, the statements given by her family members on the night, and the statement of the victim (which the court found particularly compelling) that Appellant was not credible. The court also stated that it, instead, agreed with the observations and recommendations of Appellant's probation officer.

{¶8} After reading the probation officer's recommendation into the record, the trial court allowed counsel and Appellant to respond. The court then sentenced Appellant to thirty-two days in jail, with credit for time served; a fine; two years of intensive probation; drug and alcohol assessment and the completion of any recommended treatment; random drug and/or alcohol screenings; anger

management counseling and a mental health assessment if needed; and parenting classes. The court expressed its opinion that the problems that resulted in the harm to Appellant's daughter apparently had been going on for some time and that, despite Appellant's comparatively few prior offenses, stronger sanctions were needed to address the severity of the damage. The court informed Appellant that any failure to comply with sanctions "could result in more restrictive sanctions." (Tr., p. 25.) Appellant filed her timely appeal from the trial court's March 5, 2012 guilty finding and sentencing entry.

{¶9} Appellant sought and was granted on March 9, 2012, a stay of execution of her sentence on the condition that Appellant have no contact with the victim, abide by all laws of the State of Ohio and comply with any additional terms imposed by her personal recognizance bond.

Argument and Law

ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED IN FINDING THE DEFENDANT GUILTY
OF DOMESTIC VIOLENCE AFTER A PLEA OF NO CONTEST.

{¶10} Appellant argues that the trial court did not adequately inform her of the meaning of her no contest plea and failed to determine whether she entered her plea knowingly and voluntarily. Appellant contends that her plea is governed by Crim.R. 11(D), which is titled "misdemeanor cases involving serious offenses," and argues that the trial court failed to comply with this standard. However, Appellant is mistaken in her reliance on Crim.R. 11(D).

**{¶11}** Appellant's plea is actually governed by Crim.R. 11(E), not 11(D). Appellant entered a plea to a first degree misdemeanor, which is a violation of R.C. 2919.25(A). The maximum term of incarceration for a first degree misdemeanor is one hundred and eighty days, or up to six months. Criminal Rule 2(C) defines a "serious offense" as "any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months." Because the maximum term of incarceration that can be imposed for a first degree misdemeanor is six months, under Crim.R. 2, Appellant's first degree misdemeanor offense is not a "serious offense" as defined by the rule.

**{¶12}** Pursuant to Crim.R. 2, Appellant's offense is considered a "petty offense." A "petty offense," is "a misdemeanor other than a serious offense," punishable by incarceration of up to 180 days. Crim.R. 2(D). Under the current sentencing scheme, no misdemeanor is punishable by a sentence of more than 180 days. For this reason Crim.R. 11(D) is not applicable to plea requirements for any existing class of misdemeanor. Under the sentencing regime as it currently exists, all misdemeanors are Crim.R. 2 "petty offenses" and all misdemeanor pleas are governed by Crim.R. 11(E). Thus, prior to accepting a plea of no contest to a petty offense, the trial court shall "first [inform] the defendant * * * of the effect of the pleas of guilty, no contest, and not guilty" in addition to informing unrepresented defendants of their right to counsel under Crim.R. 44(B) and (C). Crim.R. 2(D). Appellant was represented at her plea hearing, and does not challenge the trial court's Crim.R. 44 statements.

{¶13} Appellant contends that the trial court should have inquired further into Appellant's ability to read and write; whether she had reviewed the plea with her lawyer prior to signing it; whether she had read the form she signed; and whether the signature on the form was in fact hers. Essentially, Appellant urges that the trial court should have engaged in a full Crim.R. 11(C) colloquy to determine whether her plea was knowing and voluntary. However, the Ohio Supreme Court specifically considered the information the trial court is required to communicate to a defendant entering a guilty or no contest plea to a first degree misdemeanor in *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677. The Court concluded that "in accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." *Id.* at ¶20. The Court then defined the "[e]ffect of a plea for purposes of Crim.R. 11" for a no contest plea as "not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." *Id.* at ¶23, citing Crim.R. 11(B)(2). Unlike the provisions of Crim.R. 11, which govern the acceptance of felony pleas, or pleas to misdemeanors that are "serious offenses," Crim.R. 11(E) does not require the court to determine whether a defendant is entering into the plea voluntarily. As earlier stated, Crim.R. 11(D), which does require such an inquiry, pertains only to offenses punishable by incarceration for more than six months and clearly does not apply to this case. The Supreme Court noted in *Jones* that it had already rejected the idea that a trial court was required to engage a defendant who proposed to plead no contest to a petty offense in a full

Crim.R. 11(C) colloquy about the effect of his plea, in *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635. *Jones* at ¶23. Hence, the trial court, here, was not required to itself establish that Appellant's plea was voluntary. *Watkins* at ¶26 ("In all cases, the judge must inform the defendant of the effect of his plea. In felony cases and misdemeanor cases involving serious offenses, a judge must also 'addres[s] the defendant personally' and determin[e] that the defendant is making the plea voluntarily.") Because the trial court was not required to determine whether Appellant's plea was voluntary, the colloquy as it appears in the record satisfies all applicable legal requirements.

{¶14} Appellant also claims that the trial court did not adequately inform her of the other rights she waived by entering her plea, primarily due to the brevity of the plea hearing. Although she does not separately assign this alleged deficiency as error, we will address it. According to the Supreme Court and Crim.R. 11(E), the trial court should inform Appellant of the rights she waives by entering a plea in addition to the effect of her plea. *Jones* and *Watkins*, *supra*. In *Watkins*, the Court listed those rights:

> The court * * * should advise the defendant of his right to a trial by jury or to the court; the burden upon the prosecution to prove his guilt beyond a reasonable doubt if he were to go to trial; his right to cross-examine the witnesses called against him; his right not to testify; and his right to subpoena any witnesses he may have in his own defense. The court should further advise the defendant that, if he pleads no contest, the court will make a finding with regard to the defendant's guilt

or innocence, based upon an explanation of the circumstances as they are set forth in the complaint, as they are presented by the prosecution, or as they are presented by the complainant.

*Id.* at ¶16. The transcript of Appellant's plea hearing reflects that the trial court specifically informed her that in making her plea she waived her:

[R]ight to a trial, a jury trial, to confront your accuser, to ask questions and cross examine any and all witnesses the State would bring forward to testify against you at a trial, your right to subpoena witnesses who would come and testify on your behalf, remain silent, raise any and all defenses you may have, to testify at your own trial among other constitutional and statutory rights.

(Tr., pp. 5-6.) The trial court also explained that in entering a no contest plea, Appellant "stipulates that the Court may make a finding of guilty or not guilty based on the facts presented" and "the probabilities are that you will be found guilty." (Tr., pp. 4-5.)

{¶15} While the language used by the trial court does not exactly mimic the language the Court advises in *Watkins* and in *Jones*, it substantially complies. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). Appellant does not challenge the colloquy as to the information regarding waiver of certain constitutional rights. Appellant challenges the trial court's advice as to the effect of

her plea, stating that "the record does not contain any facts or stipulation of any facts in which to determine if the crime of domestic violence was committed." (Appellant's Brf., p. 4.) Appellant's argument overlooks the fact that, as the trial court and Crim.R. 11(B)(2) state, Appellant's no contest plea allowed the court to accept the facts as they appeared in the complaint as true. Appellant also ignores the fact that there is no indication during the plea hearing that she did not understand the proceedings, the charges, or the significance of her plea. She never questioned the judge or otherwise indicate confusion. Similarly, at her sentencing hearing, Appellant never expressed discomfort or confusion with regard to her plea. Appellant does not identify any information the judge could have provided that would have altered her decision to enter a no contest plea and the record does not reflect any error in this regard.

{¶16} Even if the trial court had not substantially complied with the legal requirements, here, Appellant would be required to demonstrate prejudice resulting from any omissions or deviations in the court's explanation of the effect of her plea. In this instance, Appellant has made no such showing. *Jones*, *supra*, ¶52: "[f]ailure to comply with nonconstitutional rights [such as the information in Crim. R. 11(B)(1)] will not invalidate a plea unless the defendant thereby suffered prejudice," citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12. To establish prejudice the defendant must prove that the plea would not otherwise have been made. *Id.* Appellant has advanced no such argument and made no such showing. Appellant does not suggest that her plea was entered due to an omission of necessary information, nor does she deny the fact that she physically assaulted

her daughter. The reviewing court must view the totality of the circumstances when evaluating the validity of a plea. *Id.* at ¶55. The totality of the circumstances in this record reflects that Appellant's plea was validly entered.

**{¶17}** Appellant's plea was governed by Crim.R. 11(E), not Crim.R. 11(D). The trial court was not required to inquire into the voluntariness of the plea and adequately informed Appellant of the effect of her plea. Appellant's first assignment of error is overruled.

<u>ASSIGNMENT OF ERROR NO. 2</u>

THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT.

**{¶18}** Misdemeanor sentences are reviewed for an abuse of discretion. R.C. 2929.22; *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, 815 N.E.2d 1155, ¶15. An abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Pursuant to R.C. 2929.22, the factors a trial court must consider when sentencing a misdemeanor offender include his or her history of criminal behavior, character, and the risk of another offense. As reflected in this record, the trial court considered the victim's statement; Appellant's statements; the presentencing report; the probation officer's recommendations; arrest report; witness' statements; and the statements of Appellant's mother and sisters as to her character, her behavior that night, and her general interactions with her daughter. The court declined to hear additional testimony from a couple who employed Appellant. The court noted the

time of the alleged incidents at the bar and that Ohio law requires establishments serving alcohol to close at 2:00 a.m.; the trial court also noted that the officers responding to Appellant's mother's call as well as the witness statements taken that night indicated that Appellant appeared to be under the influence of alcohol. The trial court found Appellant's daughter's victim impact statement particularly compelling. Nothing in this record suggests that the trial court abused its discretion in imposing a less than maximum sentence specifically tailored to the circumstances of the offense, Appellant's needs as the court perceived them, and the needs of her daughter. Appellant's second assignment of error is overruled.

## Conclusion

{¶19} The trial court substantially complied with the notice requirements of Crim.R. 11 for a petty offense and was not required to specifically inquire into the voluntariness of Appellant's plea. The trial court imposed a less than maximum sentence based on the nature of Appellant's offense and the information provided to the court. The trial court did not abuse its discretion with regard to sentencing. Appellant's two assignments of error are without merit and are overruled. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

DeGenaro, J., concurs.