[Cite as *State v. Haskins*, 2013-Ohio-5377.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 12 MA 204 |
| V. | ) | |
| | ) | OPINION |
| LEON HASKINS, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Youngstown Municipal Court of Mahoning County, Ohio
Case No. 11CRB2687

JUDGMENT:    Affirmed

APPEARANCES:
For Plaintiff-Appellee    Dana Lantz
Prosecutor
Kathleen Thompson
Assistant Prosecutor
26 S. Phelps Street, 4th Floor
Youngstown, Ohio 44503

For Defendant-Appellant    Attorney Edward A. Czopur
42 North Phelps Street
Youngstown, Ohio 44503

JUDGES:

Hon. Gene Donofrio
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite

Dated: December 4, 2013

DONOFRIO, J.

{¶1} Defendant-appellant Leon Haskins appeals his conviction in the Youngstown Municipal Court for failing to maintain downspouts and gutters, following his no contest plea. He contends his plea was invalid because the trial court did not advise him that he was waiving certain constitutional rights by pleading no contest.

{¶2} On December 22, 2011, Haskins was cited for failure to maintain downspouts and gutters in violation of section 304.7 of the Youngstown Housing Code, a third-degree misdemeanor. Haskins pleaded not guilty, the court appointed him counsel, and the case proceeded to discovery and other pretrial matters.

{¶3} On July 10, 2012, Haskins withdrew his previous not guilty plea and pleaded no contest to the charge. On August 27, 2012, the trial court sentenced Haskins to 30 days in jail and 3 years of reporting probation until he brings the subject property into compliance.

{¶4} Haskins filed a motion in the trial court to stay the sentence pending appeal. The court granted the motion and this appeal followed.

{¶5} Haskins's sole assignment of error states:

The trial court failed to advise Appellant of any of the constitutional rights that he would be waiving upon entering his plea thereby invalidating said plea and requiring reversal.

{¶6} Haskins acknowledges that the offense to which he pleaded no contest is a petty misdemeanor and, therefore, does not require as extensive a plea colloquy as is required for serious offenses. Nonetheless, Haskins argues that in addition to being adequately advised of the plea, the trial court should have also advised him of the constitutional rights, i.e. right to trial, right to compulsory process, right to have state prove elements of offense by proof beyond a reasonable doubt, right to cross-examine witnesses against him, and right against self-incrimination, he was waiving by entering a no contest plea.

{¶7} In response, plaintiff-appellee the State of Ohio argues that the trial court was not required to inform of the constitutional rights Haskins was waiving and

only that a no contest plea is not an admission of guilt but is admission of the truth of the facts alleged in the complaint and that the plea cannot be used against him in any subsequent civil or criminal proceeding.

**{¶8}** Crim.R. 11 governs pleas and the advisements that must be given prior to accepting a plea in a criminal case. The extent of the plea colloquy correlates directly to the level of offense to which the defendant is pleading. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 6, citing *State v. Watkins*, 99 Ohio St.3d 12, 2003-Ohio-2419, 788 N.E.2d 635, ¶ 25. Crim.R. 11 distinguishes between felonies (subsection C), serious misdemeanors (subsection D), and petty misdemeanors (subsection E).

**{¶9}** Haskins entered his no contest plea to a third-degree misdemeanor. The maximum jail term for a third-degree misdemeanor is 60 days. R.C. 2929.24(A)(3). Therefore, under Crim.R. 2(D), the offense to which Haskins pleaded no contest is a petty misdemeanor, which means the advisements that the trial court must have given him prior to accepting his no contest plea was governed by Crim.R. 11(E). It provides in relevant part, "In misdemeanor cases involving petty offenses the court * * * shall not accept such pleas without first informing the defendant of the *effect* of the plea of guilty, no contest, and not guilty." (Emphasis added.)

**{¶10}** The Ohio Supreme Court has examined this rule and its requirements, and has held, "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant *only* of the *effect* of the specific plea being entered." (Emphasis added.) *State v. Jones*, 116 Ohio St.3d 211, 2008-Ohio-6093, 877 N.E.2d 677, at paragraph one of the syllabus, construing Crim.R. 11(E). To meet the requirement of informing a defendant of the *effect* of his plea, a trial court must inform the defendant of the appropriate Crim.R. 11(B) language. *Jones*, at paragraph two of the syllabus.

**{¶11}** Crim.R. 11(B) specifically defines the *effect* of a no contest plea:

(B) Effect of guilty or no contest pleas

With reference to the offense or offenses to which the plea is

entered:

    \* \* \*

(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

**{¶12}** In *State v. Dosch*, 7th Dist. No. 08MA63, 2009-Ohio-6534, this court succinctly set forth the trial court's obligation in this regard as follows:

The court is required to convey the three points of information contained in Crim.R. 11(B) regarding a plea of no contest: (1) that it is not an admission of guilt; (2) that it is an admission of the truth of the facts alleged in the indictment, information, or complaint; and (3) that the plea shall not be used against the defendant in any subsequent civil or criminal proceeding.

*Id.* at ¶ 12.

**{¶13}** In this case, at the July 10, 2012 plea hearing, the trial court conveyed to Haskins all three points of information contained in Crim.R. 11(B) regarding his plea of no contest:

THE COURT: Do you understand by entering a plea of no contest you are not admitting your guilt, you are admitting the facts alleged in the complaint? Based on those facts I could find you guilty, impose the maximum penalty, a violation of Section 304.7 of the Housing Code, gutters and downspouts, it's up to 60 days in jail, $500 fine and a no contest plea can't be used against you in a later civil or criminal proceeding. Any questions about that?

MR. HASKINS: No, Your Honor.

(Tr. 3.)

**{¶14}** In support of his argument that there should have been a further colloquy regarding the constitutional rights he was waiving in addition to the effect of his plea, Haskins cites this court's decision in *State v. Guerriero*, 7th Dist. No. 12 MA 48, 2012-Ohio-5990. In *Guerriero*, this court examined a plea colloquy involving a no contest plea to a petty misdemeanor. After acknowledging the Ohio Supreme Court's holding in *Jones* that the trial court was required to inform the appellant of only the effect of her plea, this court went on further to address appellant's additional argument that the trial court had not adequately informed her of other rights she was waiving by entering her plea. This court went on to examine the plea colloquy and ultimately determined that the trial court had substantially complied with the advisements concerning her constitutional rights and that even if it had not she failed to demonstrate any resulting prejudice.

**{¶15}** In *Guerriero* we did suggest that the trial court *should* have informed the appellant of the rights she was waiving. However, our discussion of whether or not the trial court should have informed the appellant of the rights she was waiving was not the real import of *Guerriero*. As we made clear in *Guerriero*, the appellant had not separately assigned that alleged deficiency as error. An appellate court need not address an issue which an appellant has failed to separately assign as error. *See* App.R. 16(A); App.R. 12(A)(2); *State v. Hammonds*, 4th Dist. No. 04CA2940, 2005-Ohio-3743, ¶ 13. Hence, our limited discussion of the issue was dicta.

**{¶16}** More to the point, *Guerriero* only suggested that the trial court *should* have informed appellant of the rights she was waiving. It did not hold that the trial court was *required* to do so. *Guerriero* clearly acknowledged the Ohio Supreme Court's decision in *Jones* as controlling. Our holding in *Guerriero* was narrowly tailored to our application of *Jones*, concluding that "[t]he trial court was not required to inquire into the voluntariness of the plea and adequately informed Appellant of the *effect* of her plea." (Emphasis added.) *Id.* at ¶ 17.

**{¶17}** In sum, because Haskins was pleading no contest to a petty

misdemeanor, the trial court was required to inform him only of the effect of the plea. The court complied with this requirement by informing Haskins that his plea of no contest was not an admission of guilt, that it was an admission of the truth of the facts in the complaint, and that the plea could not be used against him in a subsequent civil or criminal proceeding. The court was not required to advise Haskins of the constitutional rights he was waiving.

{¶18} Accordingly, Haskins's sole assignment of error is without merit.

{¶19} The trial court's judgment entry of conviction and sentence is affirmed.

Vukovich, J., concurs.

Waite, J., concurs.