[Cite as *State v. Griffin*, 2016-Ohio-229.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2014-CA-123 |
| | : | |
| v. | : | T.C. NO. 13CR850 |
| | : | |
| KEITH E. GRIFFIN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___22nd___ day of ____January____, 2016.

. . . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

JOE CLOUD, Atty. Reg. No. 0040301, 3973 Dayton Xenia Road, Beavercreek, Ohio 45432
      Attorney for Defendant-Appellant

KEITH E. GRIFFIN, #697-941, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
      Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Keith E. Griffin appeals from a judgment of the Clark County Court of

Common Pleas, which denied his post-sentence motion to withdraw his no contest plea. For the following reasons, the trial court's judgment will be affirmed.

{¶ 2} On October 21, 2013, pursuant to a search warrant, the police searched Griffin's residence in Springfield, Ohio. Griffin was found to be in possession of 66.20 grams of heroin, prepared for sale and located in several separate plastic bags. He also possessed instruments used in preparing the heroin for distribution, including a sieve, which is used for cutting the heroin with adulterants before selling it. The police found 23.44 grams of cocaine on Griffin's person. In addition, Griffin possessed two firearms: a 9mm Taurus and a .45 caliber SIG Sauer P220. Griffin had previously been convicted of possession of crack cocaine in Clark C.P. No. 2008 CR 306, which made possession of the firearms unlawful. Griffin was on post-release control at the time of the offenses.

{¶ 3} In December 2013, Griffin was charged by a bill of information with trafficking in heroin, a first-degree felony, and having weapons while under disability, a third-degree felony. The bill of information included a forfeiture specification for both counts, listing eight items consisting of currency, two handguns, three televisions, and two automobiles.

{¶ 4} Approximately one month later, on January 15, 2014, Griffin waived his right to an indictment and 24-hour notice and pled no contest to both charges. He also agreed to forfeit all property listed in the specification. In exchange for the plea, the State agreed not to charge Griffin with a firearm specification and for the cocaine recovered on October 21. The trial court found that Griffin had entered his plea knowingly, intelligently, and voluntarily, and found Griffin guilty on his no contest plea. The trial court ordered a presentence investigation.

{¶ 5} On February 3, 2014, Griffin's counsel filed a sentencing memorandum,

indicating that Griffin had cooperated with authorities and taken responsibility for his actions. Counsel noted that Griffin had agreed to proceed under a bill of information. Counsel asserted that an eight-year sentence would be consistent with sentences imposed in similar cases, and he provided five examples of comparable individuals and their sentences. Counsel informed the trial court that Griffin's post-release control had been revoked, and he had been sentenced to nine months in prison for violating post-release control.

{¶ 6} The State also filed a sentencing memorandum. It highlighted Griffin's criminal history, noting that Griffin had spent approximately nine of the past thirteen years in prison. The State did not recommend a particular sentence, but argued that Griffin's conduct was distinguishable from and more serious than the individuals to which he had compared himself.

{¶ 7} A sentencing hearing was held on February 4, 2014. After hearing from the prosecutor, defense counsel, and Griffin, the trial court sentenced Griffin to nine years for trafficking in heroin and two years for having weapons while under disability, to be served concurrently. The trial court further ordered that the nine-year sentence be served consecutively to the sentence Griffin was serving for the post-release control violation. The trial court made findings under R.C. 2929.14(C)(4) to support its order of consecutive sentencings. Griffin's driving privileges were suspended for ten years, and the items listed in the forfeiture specification were ordered to be forfeited.

{¶ 8} Griffin did not appeal from his conviction.

{¶ 9} On September 17, 2014, Griffin moved to withdraw his plea, pursuant to Crim.R. 32.1. In his motion, he requested that his nine-year sentence be modified due

to ineffective assistance of counsel. He stated that, although the trial court addressed him (Griffin) directly, his trial counsel did not "allocute his sentence" and argue in mitigation that his offenses were due to his being a drug-dependent person.

{¶ 10} The trial court overruled Griffin's motion, reasoning that Griffin had failed to present sufficient facts to show that a manifest injustice had occurred.

{¶ 11} Griffin appeals from the denial of his motion to withdraw his plea.

{¶ 12} Griffin's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that after thoroughly examining the record and the law, he found no "substantive and meritorious assignments of error." By entry, we informed Griffin that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief.

{¶ 13} Griffin has filed a pro se supplemental brief, claiming that his trial counsel rendered ineffective assistance in failing to "allocute his sentence." He asks that his nine-year sentence be modified, after a new sentencing hearing with new counsel.

{¶ 14} Under Crim.R. 32.1, a trial court may permit a defendant to withdraw a plea after imposition of sentence only to correct a manifest injustice. Crim.R. 32.1; *State v. Wilson*, 2d Dist. Montgomery No. 26354, 2015-Ohio-1584, ¶ 16. "A 'manifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." *State v. Brooks*, 2d Dist. Montgomery No. 23385, 2010-Ohio-1682, ¶ 8, citing *State v. Hartzell*, 2d Dist. Montgomery No. 17499, 1999 WL 957746 (Aug. 20, 1999).

{¶ 15} Ineffective assistance of counsel can provide a basis for seeking a post-

sentence withdrawal of a guilty plea. *Wilson* at ¶ 17. "When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show that (1) trial counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not have entered a plea." *Id.*; *see Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**{¶ 16}** Withdrawal of a plea after sentencing is permitted only in the most extraordinary cases. *State v. Jefferson*, 2d Dist. Montgomery No. 26022, 2014-Ohio-2555, ¶ 17, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). "The defendant bears the burden of establishing the existence of a manifest injustice, and whether that burden has been met is an issue within the sound discretion of the trial court." *Wilson* at ¶ 18.

**{¶ 17}** Upon review of the record, we find no arguable basis for a claim of ineffective assistance of counsel in connection with Griffin's plea. The transcript of the plea hearing reflects that the trial court conducted a thorough hearing under Crim.R. 11. Griffin expressed that he was satisfied with his counsel, and there is no indication in the record that trial counsel's representation was deficient at any time prior to or during the plea hearing.

**{¶ 18}** Griffin claims that he should be entitled to withdraw his plea and obtain a new sentencing hearing, because his counsel acted deficiently at sentencing by failing to argue on his behalf. A defendant's dissatisfaction with his sentence and his counsel's argument at sentencing generally does not constitute a manifest injustice under Crim.R. 32.1.

**{¶ 19}** Regardless, the record belies Griffin's claim that his counsel acted

deficiently. Griffin's counsel filed a sentencing memorandum prior to the sentencing hearing, which emphasized that Griffin had been cooperative with the State and that a sentence of eight years would be consistent with other individuals with prior criminal records and similar offenses. Counsel asserted that an eight-year sentence would be consistent with sentences imposed in those cases, and noted that the parole board had already imposed nine months in prison for Griffin's violation of post-release control.

{¶ 20} Counsel also advocated on Griffin's behalf at sentencing. After argument by the prosecutor, defense counsel stated:

* * * I did submit a sentencing memorandum yesterday morning, the one [the prosecutor] was referring to. My client was providing that to the Court for purposes of sentencing, as discussed in 2929.11 and 2929.12.

Yes, he does have a significant criminal history, and I think what best summarizes the nature of his behavior, I think he stated in his probation report, he states, he tries to get out, tries to do well, and can't get employment because of his prior criminal history and falls back into the same pattern, again.

In this particular instance, when the police came in, he, initially, * * * went out the back door. He admitted to that, but once he was caught, he didn't fight anything with the police. I – actually, it is my understanding that it is discussed with him, if he cooperated a little further with the authorities to help them handle some other, I guess, other drug dealers, unfortunately, he didn't choose that option because of fear for safety of his family if he did something like that. But, even after that, he retained myself to represent

him.

We negotiated this case, so that it didn't have to go through the grand jury or through trial, and my client has accepted responsibility. We're just asking for a sentence that is commensurate with the similar cases, as well as, his cooperation. And for the most part, he is also asking that any – he has been violated on his post release control, serving a prison sentence of nine months on that post release control violation, and we just ask that he not receive any further sanctions for that.

{¶ 21} Pursuant to our duty under *Penson v. Ohio*, 488 U .S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have conducted an independent review of the entire record, and we have found no potential assignments of error having arguable merit. The trial court did not abuse its discretion in denying Griffin's post-sentence motion to withdraw his guilty plea.

{¶ 22} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and FAIN, J., concur.

Copies mailed to:

Ryan A. Saunders
Joe Cloud
Keith E. Griffin
Hon. Richard J. O'Neill