[Cite as *State v. Corradetti*, 2022-Ohio-1280.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-L-084 |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Willoughby Municipal Court |
| BERNARD CORRADETTI, | |
| Defendant-Appellant. | Trial Court No. 2021 CRB 00592 |

**O P I N I O N**

Decided: April 18, 2022
Judgment: Affirmed

*Scott J. Zele*, City of Wickliffe Prosecutor, 38106 Third Street, Willoughby, OH 44094 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Jamie R. Eck*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Bernard Corradetti ("Mr. Corradetti"), appeals from the judgment of the Willoughby Municipal Court, which denied his post-sentence motion to withdraw his guilty plea without a hearing. Mr. Corradetti was sentenced to a maximum 60-day jail term for a third-degree misdemeanor to run consecutively to a maximum 60-day jail term in a different case. He was convicted in both cases of voyeurism in violation of R.C. 2907.08(A).

{¶2} Mr. Corradetti raises one assignment of error on appeal, contending that the trial court erred in denying his motion to withdraw his guilty plea because he

erroneously relied on the advice of his counsel that if he pleaded guilty in this case on the day of the sentencing hearing in the first case, he would not receive a jail sentence, much less a maximum sentence. He also claims he was never informed of the potential penalties.

{¶3} A review of Mr. Corradetti's sole assignment of error reveals it is without merit. Mr. Corradetti's "buyer's remorse" is not enough to establish that a "manifest injustice" occurred sufficient to withdraw his guilty plea post-sentence. The trial court fulfilled its Crim.R. 11 obligation by ensuring Mr. Corradetti understood the effect of his plea, and then ensured, even though it was not required, that Mr. Corradetti's plea was voluntarily, knowingly, and intelligently made. There is no requirement for a trial court to inform defendants of potential penalties in petty misdemeanor cases. Further, bare allegations of counsel's ineffectiveness are not enough to overcome the presumption that a guilty plea is valid.

{¶4} The judgment of the Willoughby Municipal Court is affirmed.

## Substantive and Procedural Facts

{¶5} The state filed a complaint in the Willoughby Municipal Court charging Mr. Corradetti with one count of voyeurism, a third-degree misdemeanor, in violation of R.C. 2907.08(A). The charge arose from an incident in which Mr. Corradetti was watching a couple engaging in sexual relations while standing outside their hotel window. This incident occurred while Mr. Corradetti was on bond in another case, case no. 20-CRB-00590, where he was also charged with one count of voyeurism in violation of R.C. 2907.08(A) for a substantially similar crime at the same hotel.

2

{¶6} Before the sentencing hearing in case no. 20-CRB-00590, Mr. Corradetti informed the court that he would like to enter a plea of guilty in the instant case (case no. 21-CRB-00592).

{¶7} The court addressed the change of plea before proceeding to sentencing on both cases. The trial court informed Mr. Corradetti of his trial rights, i.e., that by pleading guilty he would be waiving his right to a jury trial, to confront witnesses and cross-examine them, to have the state prove its case beyond a reasonable doubt, and to remain silent. The court further apprised Mr. Corradetti that a guilty plea is a complete admission of guilt and that the court can proceed with sentencing the same day. The court also advised Mr. Corradetti that his status as a Tier II sex offender would be elevated to a Tier III sex offender due to his prior offenses. The court then verified whether anyone threatened or promised anything in exchange for his plea or if he was under the influence of drugs or alcohol; whether he was a U.S. citizen; and if he was satisfied with his attorney's representation.

{¶8} Mr. Corradetti pleaded guilty, and the court inquired as to the facts of the incident. Mr. Corradetti explained, "I was walking down the sidewalk. I seen a wide open curtain. I seen people having sex. I looked in and I watched." The victims reported the incident and told the police that they saw Mr. Corradetti watching. The court confirmed that it was the same hotel in Wickliffe, Ohio, as the first incident.

{¶9} The court accepted his plea and proceeded to sentencing on both cases.

{¶10} Defense counsel requested community control sanctions, contending that the Tier III sex offender requirements were punitive enough and that rehabilitation was necessary given Mr. Corradetti's sex addiction, which was supported by a letter from his

3

sex offender/treatment counselor. Defense counsel also noted that Mr. Corradetti has his own landscaping business. Mr. Corradetti spoke on his own behalf, explaining that his sex addiction and his latest "binge" were due to the fact that he was molested as a child and that he stopped going to counseling after his mother died and due to the COVID epidemic.

{¶11} The trial court reviewed Mr. Corradetti's extensive criminal history, which dated back to 1980 and included six convictions for sexually oriented offenses, including unlawful sexual conduct with a minor, and at least ten cases where he was sentenced to a term in prison. In addition, he violated the terms of his bond in the first case and his judicial release while committing the instant offense. The court considered his counseling, noting that there has been a failure of rehabilitation since he was unable to follow the rules of probation and bond, and that his former Tier II sex offender status did nothing to prevent him from committing additional sex offenses.

{¶12} The court explicitly stated that it considered the misdemeanor principles of sentencing pursuant to R.C. 2929.21 and the factors pursuant to R.C. 2929.22. After finding that Mr. Corradetti was not amenable to a community control sanction and that his prior sanctions for prior sentences demonstrated the imposition of the longest jail term was necessary, the court sentenced Mr. Corradetti to a maximum 60-day jail sentence for a third-degree misdemeanor in the first case (case no. 20-CRB-00590), and a maximum 60-day jail sentence in the instant case (case no. 21-CRB-00592).

{¶13} The court ordered the sentences to be served consecutively to each other, finding that consecutive sentences were necessary to prevent Mr. Corradetti from committing future crime and to protect the public. The trial court also found that the instant

4

offense occurred while case no. 20-CRB-00590 was pending and that the facts and circumstances of this crime, with the exception of the victims, were substantially similar to the first incident and occurred at the same location.

{¶14} Mr. Corradetti, pro se, filed a motion to withdraw his guilty plea, claiming that his counsel was ineffective for advising him that if he pleaded guilty on the day of sentencing in the first case (no. 20-CRB-00590), the prosecutor would not ask for jail time and/or ask for the sentences to be served consecutively. Thus, he was "forced to lie about being guilty."

{¶15} The trial court denied his motion without a hearing, finding that Mr. Corradetti failed to establish the existence of a manifest injustice.

{¶16} Mr. Corradetti raises one assignment of error on appeal:

{¶17} "The trial court erred to the prejudice of the defendant-appellant by denying his post-sentence motion to withdraw his plea in violation of his due process rights as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution."

**Post-Sentence Motion to Withdraw Guilty Plea**

{¶18} In his sole assignment of error, Mr. Corradetti contends the trial court abused its discretion in denying his Crim.R. 32.1 motion to withdraw his guilty plea post-sentence without a hearing because his counsel erroneously advised him that he would not receive a maximum sentence and he was not advised of potential penalties. Relying on his counsel's advice, he lied about his innocence.

{¶19} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set

5

aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. Here, appellant filed a post-sentencing motion to withdraw his guilty plea. To be entitled to relief, he must therefore show a manifest injustice. *State v. Ober*, 11th Dist. Portage Nos. 2018-P-0034 & 2018-P-0035, 2019-Ohio-843, ¶ 14.

{¶20} Manifest injustice is a clear or openly unjust act, and extraordinary circumstances must exist before granting a post-sentencing motion to withdraw. *State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶ 12. "The rationale for this high standard is 'to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence is unexpectedly severe.'" *State v. Robinson*, 11th Dist. Lake No. 2011-L-145, 2012-Ohio-5824, ¶ 14, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).

{¶21} An appellate court analyzes a trial court's decision regarding a motion to withdraw a guilty plea based on an abuse of discretion standard. *State v. Gibbs*, 11th Dist. Trumbull No. 98-T-0190, 2000 WL 757458, *2 (June 9, 2000). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶22} Appellate courts also apply an abuse-of-discretion standard in reviewing whether a trial court errs in deciding a Crim.R. 32.1 motion to withdraw without a hearing. *State v. Green*, 11th Dist. Trumbull No. 2018-T-0063, 2019-Ohio-1303, ¶ 24.

{¶23} "While a trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of a guilty plea if the request is made before sentencing, the same is not true if the request is made after the trial court has

6

already sentenced the defendant. *State v. Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715 (1992), paragraph one of the syllabus. "A trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." (Citation omitted.) *State v. Caskey*, 11th Dist. Lake No. 2010-L-014, 2010-Ohio-4697, ¶ 11. Moreover, if the record, on its face, conclusively and irrefutably contradicts a defendant's allegations in support of his Crim.R. 32.1 motion, an evidentiary hearing is not required. *State v. Madeline*, 11th Dist. Trumbull No. 2000-T-0156, 2002 WL 445036, *6 (Mar. 22, 2002); *State v. Zimmerman*, 11th Dist. Geauga No. 2013-G-3146, 2014-Ohio-1152, ¶ 14.

**{¶24}** "The good faith, credibility, and weight to be given to assertions made by a defendant in support of a motion to withdraw a guilty plea are matters to be resolved by the trial court." *State v. Conteh*, 10th Dist. Franklin No. 09AP-490, 2009-Ohio-6780, ¶ 15, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). *See also State v. Peete*, 11th Dist. Trumbull No. 2018-T-0094, 2019-Ohio-2513, ¶ 13-18.

**{¶25}** As our review of the facts indicates, the trial court did not abuse its discretion in denying Mr. Corradetti's motion without a hearing because the record "conclusively and irrefutably" contradicts his allegations. More specifically, there is nothing to indicate that Mr. Corradetti's plea was not made voluntarily, knowingly, and intelligently or that his counsel was ineffective.

**{¶26}** "A trial court's obligations in accepting a plea depend upon the level of offense to which the defendant is pleading." *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 6.

7

{¶27} Crim.R. 11 sets forth distinct procedures, depending on the classification of the offense involved. *Jones* at ¶ 11. The Supreme Court of Ohio has held that before accepting a guilty or no contest plea to a *petty offense* (which involves potential incarceration of up to six months per Crim.R. 2(D)), the court is only required to inform the defendant of the *effect* of the plea being entered. *Jones* at ¶ 20; Crim.R. 11(E).

{¶28} Thus, there is no requirement that the trial court inform the defendant of the potential penalties. *See State v. Cooper*, 11th Dist. Ashtabula Nos. 2015-A-0042, et al., 2016-Ohio-4730, ¶ 27 (The court was not required to inform the appellant of the various pleas available, the potential penalties for any of the charges, or that it could impose consecutive sentences and "stack the fines" prior to accepting the appellant's guilty plea to petty misdemeanor offenses).

{¶29} In this case, during the Crim.R. 11 colloquy, the trial court not only ensured Mr. Corradetti understood the effects of his plea, but also that it was voluntarily, knowingly, and intelligently made and that he was satisfied with his representation. Furthermore, Mr. Corradetti admitted to committing the act and described the facts of the incident for the court.

{¶30} Nor did Mr. Corradetti establish his counsel was ineffective. "'Ineffective assistance of counsel can provide a basis for seeking a post-sentence withdrawal of a guilty plea.'" *State v. Leifheit*, 2d Dist. Clark No. 2019-CA-78, 2020-Ohio-5106, ¶ 26, quoting *State v. Griffin*, 2d Dist. Clark No. 2014-CA-123, 2016-Ohio-229, ¶ 15. "'When the alleged error underlying a motion to withdraw a guilty plea is ineffective assistance of counsel, the defendant must show that (1) trial counsel's performance was deficient; and (2) there is a reasonable probability that, but for counsel's errors, the defendant would not

8

have entered a plea.'" *Id.*, quoting *State v. Wilson*, 2d Dist. Montgomery No. 26354, 2015-Ohio-1584, ¶ 17; *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

{¶31} In *Leifheit*, the Second District found that the appellant's bare assertion regarding his counsel's advice, or lack thereof, was insufficient to overcome the presumption that his guilty plea was valid. *Id.* at ¶ 28. The court stated that "'where nothing in the record supports a defendant's claim that his plea was not knowingly and voluntarily made other than his own self-serving affidavit or statement, the record is insufficient to overcome the presumption that the plea was voluntary. An argument grounded on matters outside the record can only be addressed by a post[-]conviction relief motion.'" *Id.* at ¶ 27, quoting *State v. Laster*, 2d Dist. Montgomery No. 19387, 2003-Ohio-1564, ¶ 8.

{¶32} Mr. Corradetti's "buyer's remorse" with his sentence is not sufficient to establish a "manifest injustice" since he failed to demonstrate that his plea was not voluntarily, knowingly, and intelligently made and/or that his counsel was ineffective.

{¶33} Mr. Corradetti's sole assignment is without merit.

{¶34} The judgment of the Willoughby Municipal Court is affirmed.


THOMAS R. WRIGHT, P.J.,

JOHN J. EKLUND, J.,

concur.

9

Case No. 2021-L-084