[Cite as *State v. Schultz*, 2023-Ohio-1713.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF STREETSBORO,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>RICHARD E. SCHULTZ,<br><br>Defendant-Appellant. | CASE NO. 2022-P-0054<br><br>Criminal Appeal from the<br>Municipal Court, Ravenna Division<br><br>Trial Court No. 2019 CRB 03034 R |

## O P I N I O N

Decided: May 22, 2023
Judgment: Affirmed

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Thomas C. Loepp*, 3580 Darrow Road, Stow, OH 44224 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Richard E. Schultz ("Mr. Schultz"), appeals from the judgment entry of the Portage County Municipal Court, Ravenna Division, that denied his post-sentence motion to withdraw his no contest plea to domestic violence, a first-degree misdemeanor, filed over 30 months after he was sentenced.

{¶2} In his sole assignment of error, Mr. Schultz contends the trial court abused its discretion by refusing to permit him to withdraw his no contest plea when he presented evidence of a manifest injustice.

{¶3} After a careful review of the record and pertinent law, we find Mr. Schultz's assignment of error to be without merit. At the outset, we note that Mr. Schultz failed to

provide a transcript of the plea hearing to the trial court and to this court on appeal. Therefore, the only evidence in the record related to the circumstances surrounding the entry of his no contest plea is the plea agreement he signed, his written plea of no contest, and the trial court's judgment entry accepting his plea. In addition, Mr. Schultz waited over two and half years after he was sentenced to file his motion.

{¶4} As evidence of manifest injustice, Mr. Schultz points to his affidavit that was attached to his motion. A defendant's own self-serving declarations or affidavits, without more, is generally insufficient to rebut a record on review that shows that the plea was voluntary. In this case, Mr. Schultz also had the benefit of an evidentiary hearing. However, the only evidence he presented at the hearing was his testimony in which he confirmed he was satisfied with his legal representation at the time of his plea, his rights were explained to him, and he was willing to waive those rights. Moreover, he received the benefit of his bargain. In exchange for his plea of no contest to one count of domestic violence, a first-degree misdemeanor, the remaining two felony counts were dismissed.

{¶5} Thus, we are unable to conclude under the circumstances of this case that the trial court's decision to deny Mr. Schultz's motion to withdraw his plea was an abuse of discretion.

{¶6} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.

**Substantive and Procedural History**

{¶7} In December 2019, the state filed a complaint against Mr. Schultz, charging him with one count of domestic violence, a first-degree misdemeanor, in violation of R.C. 2919.25(A). In a separate case but arising from the same incident, the state charged Mr. Schultz with tampering with evidence, a third-degree felony, in violation of R.C.

2

Case No. 2022-P-0054

2921.12(A)(1), and disrupting public services, a fourth-degree felony, in violation of R.C. 2909.04(A)(3). The complaints alleged that Mr. Schultz grabbed and pushed his ex-wife to the ground, resulting in injury to both of her upper arms, and that he took her phone, ran out of the house, and deleted videos of the incident before the police arrived.

{¶8} A domestic violence temporary protection order was issued protecting Mr. Schultz's ex-wife and their two minor children. Mr. Schultz entered into a written plea agreement with the state in which he agreed to plead no contest to the domestic violence count. In exchange, the remaining felony counts were dismissed. Mr. Schultz signed a written plea of no contest, which also set forth the constitutional rights he was waiving. The trial court accepted his no contest plea and set the matter for sentencing pending a presentence investigation.

{¶9} Approximately one month later, in January 2020, the trial court sentenced Mr. Schultz to serve 180 days in jail, with credit for three days served and 177 days suspended, provided he complete an anger management assessment and 12 months of probation.

{¶10} In July 2022, Mr. Schultz filed a motion to withdraw his plea with an affidavit in which he attested he felt forced to enter into the no contest plea due to the COVID-19 pandemic; he did not understand the ramifications of his plea, i.e., that he would not be able to seal the conviction and he would never be able to own a firearm; and he was unaware of the negative effects of a domestic violence conviction, including background checks and employment opportunities. He further averred his ex-wife gave false information against him and he was not guilty.

{¶11} In September 2022, the trial court held an evidentiary hearing on Mr. Schultz's motion, reviewing that Mr. Schultz had been represented by counsel at the time

3

of his plea. Mr. Schultz testified that at the time of his plea he was "blindsided" because his wife was cheating on him, and she was "setting him up" for a divorce. He was also fearful of being imprisoned during the COVID-19 pandemic. He confirmed he pleaded no contest in open court, his rights were explained, and he willingly waived them. He further testified he was not told of the consequences of a no contest plea to a domestic violence charge. The court confirmed Mr. Schultz never attempted to vacate his plea, either prior to sentencing or during his term of probation.

{¶12} The trial court denied Mr. Schultz's motion, reviewing the motion was filed over 30 months after Mr. Schultz's sentencing, Mr. Schultz was represented by counsel at all stages of the proceedings, and two felony charges were dismissed as a result of the plea negotiations. Further, Mr. Schultz completed his 12 months of probation and signed a written plea of no contest, which set forth the constitutional rights he was waiving. In addition, he failed to submit a transcript of the plea hearing. The court concluded Mr. Schultz failed to provide the court with evidence to establish that his plea, entered over two and a half years ago, must be vacated in order to correct manifest injustice.

{¶13} Mr. Schultz raises one assignment of error for our review:

{¶14} "The trial court abused its discretion in refusing to permit the appellant to withdraw his no contest plea."

### Post-sentence Motion to Withdraw No Contest Plea

{¶15} In his sole assignment of error, Mr. Schultz contends the trial court abused its discretion in refusing to permit him to withdraw his no contest plea when he presented evidence of a manifest injustice.

{¶16} Pursuant to Crim.R. 32.1, "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court

4

Case No. 2022-P-0054

after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶17} In this case, Mr. Schultz filed a post-sentence motion to withdraw his no contest plea. Thus, to be entitled to relief, he must show a manifest injustice.

{¶18} A manifest injustice is a clear or openly unjust act, and extraordinary circumstances must exist before granting a post-sentencing motion to withdraw. *State v. Corradetti*, 11th Dist. Lake No. 2021-L-084, 2022-Ohio-1280, ¶ 20. "The rationale for this high standard is 'to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe.'" *State v. Robinson*, 11th Dist. Lake No. 2011-L-145, 2012-Ohio-5824, ¶ 14, quoting *State v. Caraballo*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).

{¶19} As a general proposition, the burden of showing a manifest injustice rests upon the defendant. *State v. Wilfong*, 11th Dist. Lake No. 2010-L-074, 2011-Ohio-6512, ¶ 13. To carry this burden, the defendant cannot rely solely upon bald assertions stated in the motion; rather, his arguments must be supported by specific facts set forth in the trial record or in affidavits accompanying the motion. *Id.* Any ruling as to the existence of a manifest injustice must be predicated upon a consideration of all facts surrounding the entry of the plea, with special emphasis placed upon the Crim.R. 11 colloquy between the trial court and the defendant. *Id.*

{¶20} We review a trial court's decision regarding a motion to withdraw a no contest plea for an abuse of discretion. *State v. Gibbs*, 11th Dist. Trumbull No. 98-T-0190, 2000 WL 757458, *2 (June 9, 2000). An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*,

Case No. 2022-P-0054

2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶ 62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶21} At the outset, we note that Mr. Schultz failed to provide a transcript of the plea hearing to the trial court and this court. Therefore, the only evidence in the record related to the circumstances surrounding the entry of his no contest plea is the written plea agreement he signed, his written plea of no contest, and the trial court's judgment entry accepting his plea. Pursuant to App.R. 9(B), it is an appellant's duty to include within the record any material pertinent to the errors assigned. *State v. Wise*, 11th Dist. Trumbull No. 2012-T-0028, 2012-Ohio-4896, ¶ 16. "When portions of the transcript necessary for resolution of assigned errors are omitted from record, the reviewing court * * * has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶22} As evidence of manifest injustice, Mr. Schultz points to his self-serving affidavit. A defendant, however, cannot carry his burden in attacking the validity of his no contest plea simply by making unsupported assertions. *Wilfong* at ¶ 18. While a self-serving affidavit does not necessarily render it improper, it is generally insufficient to demonstrate manifest injustice. *State v. Gibson*, 11th Dist. Portage No. 2007-P-0021, 2007-Ohio-6926, ¶ 33.

{¶23} For instance, in the context of a claim of ineffective assistance of counsel rendering a guilty plea involuntary, the Supreme Court of Ohio has determined that "an allegation of a coerced guilty plea involves actions over which the State has no control. Therefore, the defendant must bear the initial burden of submitting affidavits or other supporting materials to indicate that he is entitled to relief. Defendant's own self-serving declarations or affidavits alleging a coerced guilty plea are insufficient to rebut the record

6

on review which shows that his plea was voluntary. A letter or affidavit from the court, prosecutors or defense counsel alleging a defect in the plea process may be sufficient to rebut the record on review and require an evidentiary hearing." *State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983). *See also State v. Williams*, 11th Dist. Geauga No. 2010-G-2973, 2011-Ohio-1864, ¶ 26 (Where a defendant waited a year to file a motion to withdraw his plea, filed no transcript of the plea hearing, provided no evidentiary material except for his self-serving affidavit, the trial court did not abuse its discretion by failing to hold a hearing on the motion to withdraw).

{¶24} In this case, Mr. Schultz had the benefit of an evidentiary hearing. As our review of the hearing revealed, Mr. Schultz testified he was represented at the time of his plea, he was satisfied with his representation, he was informed of his rights, and he willingly waived them. Upon the trial court's questioning, Mr. Schultz confirmed that he signed the written plea form, which also contained the constitutional rights he was waiving, and that at no time between the plea hearing and the sentencing hearing did he move to vacate his plea.

{¶25} It also must be emphasized that Mr. Schultz filed his motion to withdraw his plea over two and half years after his sentencing. In that time, Mr. Schultz completed his 12 months of probation and then waited an additional 18 months before filing his motion. An undue delay between the occurrence of the alleged cause for withdrawal of a plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph three of the syllabus.

{¶26} Moreover, Mr. Schultz received the benefit of his bargain. In exchange for his no contest plea to one count of domestic violence, a first-degree misdemeanor, the

7

remaining felony counts, i.e., tampering with evidence and disrupting public services, were dismissed.

{¶27} Thus, under the circumstances of this case, we are unable to conclude the trial court's decision to deny Mr. Schultz's motion to withdraw his plea, after holding an evidentiary hearing, was an abuse of discretion.

{¶28} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.


JOHN J. EKLUND, P.J.,

EUGENE A. LUCCI, J.,

concur.

8